ORIGINAL

ORIGINAL

CARMEL SPITERI, B.A., NAALHR, *Non-Attorney*
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(*For Mailing Purposes Only*)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

FOR COURT STAMP USE ONLY

Plaintiff
*In Pro Se*

CV 12- 2780

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 31 2012 ★
BROOKLYN OFFICE

Carmel Spiteri,

BRODIE, J.

MANN, M.J.

Plaintiff,

Case No.:

versus,

Fernando Camacho; Richard A. Brown; Eric Charles Rosenbaum; Sex Offender Monitoring Unit of the New York City Police Department's Special Victims Division; New York State Division of Criminal Justice System; Andrew M. Cuomo; Michael C. Green; New York State Sex Offender Board of Examiners; Michelle Mulligan; Judith V. Condo; Unknown Several Law Enforcement Personnel for Ventura County, State of California; Unknown Several Law Enforcement Personnel for Riverside County, State of California; Unknown Several Law Enforcement Personnel Sonoma County, State of California; John Russo (dba the Law Offices of John L. Russo); Arthur G. Trakas (dba the Law Offices of Arthur G. Trakas, and DOES 1 thru 25, Inclusive,

*Defendants,*

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, IN THE ALTERNATIVE A WRIT FOR CORAM NOBIS RELIEF AND/OR OTHER APPROPRIATE AND JUST RELIEF

Complaint filed:
Trial Date: **Not Set**
Before:

**TRIAL BY JURY DEMANDED**

*Spiteri v. NYSDCJS, et al., etc.*
Case No.:

COMPLAINT

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1      Now comes Carmel Spiteri, hereinafter, "Plaintiff", a non-attorney,

2  appearing *in pro se*, a United States and State of California citizen, and a

3  Vietnam Era Veterans, honourably discharged from the United States Air

4  Force, and complains against the above captioned Defendants, **Fernando**

5  **Camacho; Richard A. Brown; Eric Charles Rosenbaum; Sex Offender**

6  **Monitoring Unit of the New York City Police Department's Special Victims**

7  **Division; New York State Division of Criminal Justice System; Andrew M.**

8  **Cuomo; Michael C. Green; New York State Sex Offender Board of Examiners;**

9  **Michelle Mulligan; Judith V. Condo; Unknown Several Law Enforcement**

10 **Personnel for Ventura County, State of California; Unknown Several Law**

11 **Enforcement Personnel for Riverside County, State of California; Unknown**

12 **Several Law Enforcement Personnel Sonoma County, State of California; John**

13 **Russo (dba the Law Offices of John L. Russo); Arthur G. Trakas (dba the Law**

14 **Offices of Arthur G. Trakas, and DOES 1 thru 25, Inclusive.**

15                                   **JURISDICTION AND VENUE**

16 1.     This Court has subject matter jurisdiction, among other things,

17 pursuant to *Title 28 United States Code* §§ 1331,1343 and 1367(a), in that it

18 alleges claims for relief arising under *Title 42 United States Code* §§ 1983

19 and 1985, the *First, Fourth, Fifth* and *Fourteenth Amendments* to the

20 Constitution of the United States, and under the Constitution, statutes and

21 common law of the State of New York.

22 2.     Additionally, the Court has pendant jurisdiction, pendant party

23 jurisdiction and supplementary jurisdiction of the state and common law

24 claims asserted herein pursuant to *Title 28 United States Code* § 1367

25 because such claims form part of the same case or controversy over which the

26 this court has original subject matter jurisdiction.

27

28

---

*Spiteri v. NYSDCJS, et al., etc.*                                **COMPLAINT**
Case No.:                          Page 2 of 48

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussofrakaslawsuit@gmail.com
Tel: 207.409.1508

3.     Venue is laid within the United States District Court for the Eastern District of New York and is proper pursuant *Title* 28 *United States Code* § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of this district or, in the alternative, the defendants are subject to personal jurisdiction in this district.

## PRELIMINARY STATEMENT

4.     Plaintiff, respectfully moves, among other things, which are fully stated hereinafter, for Declaratory Judgment pursuant to *New York Civil Practice Law & Rules - Article* 30 - § 3001 and Declaratory Judgment Act (*Title* 28 *United States Code* §§ 2201-2202) against Defendants, for improperly and unlawfully requiring Plaintiff to register as a sex offender and to list him as a sex offender on the New York Sex Registry website, falsely and fraudulently indicating, announcing, publicizing and stating that Plaintiff has after the month of May 2011, lived and continues to live at 47-08 31st Astoria, Queens, New York 11103, where he was not nor is or has ever been a permanent resident of the State of New York but a nonresident worker in compliance with *Correction Law* § 168-f(6), and  This action seeks, among other things, to enjoin the unconstitutional exercise of the power or eminent danger of being deprived of his liberty and be seize by either State of New York or United States Marshals on the pretext that Plaintiff has or is in violation of registration laws of New York. The truth is that Plaintiff was never a resident of the State of New York, and entered New York as a nonresident worker.  On of about the month December 2009, Plaintiff fully complying with the registration requirement pursuant to *Correction Law* § 168(f)(6), as a nonresident worker. § 168(f)(6) only mandates and impose strict responsibility upon the Plaintiff and limits the authority of the Division in the following manner:

6.     Any nonresident worker or nonresident student, as defined in subdivisions fourteen and fifteen of section one hundred sixty-eight-a of this article, shall

---

*Spiteri v. NYSDCJS, et al., etc.*
Case No.:                   Page 3 of 47

**COMPLAINT**



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussofrakaslawsuit@gmail.com
Tel: 207.409.1508

1    • register his or her current address and the address
2  of his or her place of employment or educational institution
   attended with the division within ten calendar days after such
3  nonresident worker or nonresident student commences
   employment or attendance at an educational institution in the
4  state.

5    • Any nonresident worker or nonresident student shall
   notify the division of any change of residence, employment or
6  educational institution address no later than ten days after such
   change.

7    • **The division shall notify the law enforcement
   agency where the nonresident worker is employed or the**
8  **educational institution is located that a nonresident worker
   or nonresident student is present in that agency's jurisdiction.**
9  (*Emphasis added*)

10  5.    Notwithstanding that the Division was only mandated to "**notify the**

11  **law enforcement agency where the nonresident worker is employed**

12  **or the educational institution is located that a nonresident worker**

13  **or nonresident student is present in that agency's jurisdiction**" (supra), the

14  Division, abused its discretion and exceeded it authority by referring the

15  Plaintiff to Defendants New York State Division of Criminal Justice System;

16  New York State Sex Offender Registry (hereinafter "Board")

17  6.    At all times and during the time periods stated herein, Plaintiff was being

18  maliciously prosecuted in two Counties for the of California for allegedly

19  failing to register.   Plaintiff prevailed on both cases and said cases were

20  dismissed with prejudice in who whole or in part, that the government of each

21  county had withheld copies of Plaintiff's official permanent registration receipt

22  which verified that Plaintiff had complied with the registration requirements,

23  and that Riverside County registration deputy sheriff Carren Robinson and the

24  Sonoma County Deputy District Attorney Tania Partida had misrepresented the

25  facts on their affidavits to the magistrate.

26  7.    Approximately seven (7) months after Plaintiff registered with the

27  Division, on June 01st, 2010, he received notice from Defendants Board,

28  through its agent, representative and employee Defendant Judith V. Condo,

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:                          Page 4 of 47

hereinafter "Condo". (See Exhibit 1) Pertinently the notice stated:

> *"Pursuant to the New York State Sex Offender Registration Act, the Board of Examiners of Sex Offenders has reviewed your conviction in another jurisdiction and has determinated that you are required to register with the New York State Sex Offender Registry. . . The Board has also forwarded the risk level recommendation to the Court and District Attorney in the jurisdiction in which you currently reside."*

8.    Upon being notified by Defendants Board and Condo of the above, Plaintiff wrote a letter to Defendants Board and Condo, that he was only nonresident worker, hired by Defendant Arthur G. Trakas, hereinafter "Trakas" to handle several civil rights, copyrights, trademark cases, and cases under the Individual with Disability Education Act, including some criminal cases. (See Exhibit 2)

9.    Plaintiff immediately hired Defendant Trakas to represent him in an Article 78 to challenge the decision of the Board that Plaintiff had to register with Defendant Board rather than just the Division, as required under *Correction Law* § 168(f)(6). Defendant Trakas agreed to represent Plaintiff in said Article 78, and in consideration Plaintiff had to pay the attorney's fees by performing the aforementioned assignments of cases without charge for payment of said fees, but should Plaintiff refer cases to Defendant Trakas, Plaintiff would receive ten (10) percent commission per each case.

10.    Plaintiff informed Defendant Trakas that Plaintiff's fees were $75.00 per hour. Defendant Trakas agreed on the fee, and promised Plaintiff that for the work he would do, Plaintiff would be credited the $75.00 per hour fee. It was also agreed that Defendant Trakas would pay for the taxi service to bring back and forth Plaintiff to Defendant Trakas' office, which Defendant Trakas did, at the rate of $100.00 per week.

11.    Defendant Trakas represented to the Plaintiff that he would prosecute his Article 78 Petition.

---

*Spiteri v. NYSDCJS, et al., etc.*
Case No.:                          Page 5 of 47                          **COMPLAINT**

CARMEL SPITERI, B.A. NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Tel: 207.409.1508
Em: newyorkrussotrakaslawsuit@gmail.com

12.    Plaintiff relied on the representations of Defendant Trakas and Plaintiff had no reason to believe that Defendant Trakas was misrepresenting the truth. Therefore, Plaintiff secured and referred many cases to Defendant Trakas, were Defendant Trakas paid the aforementioned referral fee. Furthermore, Plaintiff worked on many of Defendant Trakas' case. Thereby, Defendant Trakas was in debt to Plaintiff for the approximate sum of $40,000.00, the exact amount which would be determined at time of trial. Plaintiff made numerous appearance on administrative cases before administrative judges; appeared in court on numerous case with Defendant Trakas, including traveling on a federal child molestation case to Erie, Pennsylvania; traveled to the California, Montana, and New Jersey to acquire clients for Defendant Trakas.

13.    Plaintiff kept inquiring if Defendant Trakas had filed the Article 78 Petition, and Defendant Trakas claimed that the Article 78 Petition was in the process of being completed. Plaintiff assisted in the preparation of the Petition, and was only waiting for a copy of alleged "filed copy," after he was assured by Defendant Trakas that it was filed.

14.    After several months of working for Defendant Trakas and waiting for a copy of said filed Article 78 Petition copy, Plaintiff checked with the Clerk of the Court to verify that in fact, Defendant Trakas had filed the Petition. The Clerk of the Court confirmed that no such Article 78 Petition had been filed by attorney Trakas on Plaintiff's behalf.

15.    Instead, Plaintiff received notice of a SORA hearing before Defendant Richardo Camacho (hereinafter Judge Camacho) from Defendants Richard A. Brown; Eric Charles Rosenbaum, hereinafter collectively "DA".

16.    Upon receipt of said notification of the SORA hearing, Plaintiff confronted Defendant Trakas, for the last time, and asked him if he had filed said Article 78 Petiiton. Defendant Trakas admitted he did not. Plaintiff then demanded payment for all of his service, in accordance with their agreement,

*Spiteri v. NYSDCJS, et al., etc.*                                        **COMPLAINT**
Case No.:                              Page 6 of 47

CARMEL SPITERI, B.A. NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Tel: 207.409.1508
Em: newyorkrussotrakaslawsuit@gmail.com

1 since Plaintiff had worked for Defendant Trakas as consideration for Defendant

2 Trakas to represent Plaintiff in the above stated Article 78 Petition. Defendant

3 Trakas refused.

4 17.    Thereafter, Defendant Trakas referred Plaintiff to Defendant John L.

5 Russo, Defendant Trakas' associate, to represent Plaintiff in the Article 78

6 Petition and SORA procedures. Defendant Russo agreed to represent Plaintiff

7 on similar terms and conditions as stated above with Defendant Trakas.

8 Defendant Russo paid Plaintiff, as did Defendant Trakas, ten (10%) percent per

9 each case referred, paid for Plaintiff's taxi back and forth to the office at the

10 rate of $100.00 per week. Plaintiff performed in excess of $50,000.00 worth

11 of work for Defendant Russo.

12 18.    At no time did Defendants Trakas and Russo inform the Plaintiff that the

13 time to file said Article 78 Petition had expired and continued to led Plaintiff

14 belief that Defendant Russo could cure the inaction of Defendant Trakas, and

15 salvage Plaintiff's Article 78 Petition. Plaintiff relied on said representations

16 and entrusted the legal professional representations made by these two

17 Defendants, all to Plaintiff's injury, emotional distress and damages.

18 19.    Defendant Russo made numerous appearance at the SORA hearing but

19 never advanced the fact that Plaintiff was a nonresident worker and that his

20 primary residence was in Palm Springs, California, where he continued to work

21 for the Law Office of David L. Wright.

22 20.    In addition, Defendant Russo failed, refused and was unwilling to obtain

23 a copy of the Plaintiff's California DOC's central file which would have

24 revealed that:

25       a.     the Parole Board, while Plaintiff was under the custody and

26 supervision did not consider him a danger to society nor children,

27       b.     allowed Plaintiff to freely travel to:

28             i.      his county of conviction,

*Spiteri v. NYSDCJS, et al., etc.*                                      **COMPLAINT**
Case No.:                        Page 7 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

ii.   the State of Nevada and

iii.   various counties without supervision.

21.   Furthermore, the Parole Board approved of Plaintiff to reside with families with minor children, including the Chief, City Attorney for the City of Santa Maria, County of Santa Barbara, State of California.

22.   Furthermore, the Parole Board allowed Plaintiff to be a guest speaker at the community colleges, lecturing in child abuse, constitutional/civil rights and students with disabilities topics. (See Exhibit 3)

23.   More importantly contained in the aforementioned central file, were the recommendations of Plaintiff's parole agent, the regional supervisor and the district supervisor recommended Plaintiff for early discharge from parole.

24.   Additionally Defendant Russo failed, refused and was unwilling to obtain a copy of the entire Defendant DA's file received from the State of California, which contained the abovementioned documents.

25.   Moreover, Defendant Russo failed, refused and was unwilling to submit to Defendants Camacho and DA's requests for judicial notice of cases ruled and published by the California Supreme Court which explicitly and undisputedly stated that person's convicted of Plaintiff's two penal violations were denied equal protection under the law, and that they were not subject ot the registration requirements.

26.   Furthermore, when Defendant Camacho ruled that he would only entertain argument and records submitted by Defendant DA when adjudicating said "Registration and Level Classification"[1], Defendant Russo failed, refused

---

[1]*Correction Law* § §168-k(2), pertinently states: "Where there is a dispute between the parties concerning the determinations, the court shall adjourn the hearing as necessary to permit the sex offender or the district attorney to obtain materials relevant to the determinations from the state board of examiners of sex offenders or any state or local facility, hospital, institution, office, agency, department or division.

   Such materials may be obtained by subpoena if not voluntarily provided to the

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:

CARMEL SPITERI, B.A. NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1  and was unwilling to:

2      a.    Object on the record that Defendant Camacho's intention to only

3  consider records filed solely by Defendants DA violated **Correction Law** §

4  §168-k(2), the due process and equal protection under both the Federal and

5  State of New York constitutions, and deprived Plaintiff of a fair and meaningful

6  hearing in violation of the 14th Amendment to the United States Constitution.

7

8  requesting party.

9      In making the determinations the court shall review any victim's statement and any
   relevant materials and evidence submitted by the sex offender and the district attorney and

10 the recommendation and any material submitted by the board, and may consider reliable
   hearsay evidence submitted by either party, provided that it is relevant to the determinations.

11     If available, facts proven at trial or elicited at the time of a plea of guilty shall be

12 deemed established by clear and convincing evidence and shall not be relitigated."

   As indicated above the "facts proven at trial or elicited at the time of a plea of guilty"

13 . . . "shall not be relitigated," however, if all Defendants, in particular Defendants Camacho,
   DA, Russo and Trakas had reviewed all the case file records, and/or request copy of the

14 entire proceedings in the California underlying case, a process afford to those New Yorkers
   who have committed a crime and were convicted of same in the State of New York, said

15 Defendants would have discovered that  Plaintiff did not have trial and that the deputy
   district attorney assigned to his California case had admitted, in open, court that he had

16 altered the plea agreement and forged Plaintiff's signature and initials to various places on

17 the plea agreement, while Plaintiff was in the hospital, after suffering a seizure in the
   courthouse during the plea negotiations, and that the date of the signing of the plea

18 agreement are inconsistent with the true, since the trial judge, deputy district attorney and
   Plaintiff's court appointed counsel, had signed the plea agreement a day before the Plaintiff

19 allegedly signed it. Based on the two different dates, the court appointed handwriting expert

20 had determined that the plea agreement was forged, and since Plaintiff was not in court on

21 the alleged date he signed the plea agreement, he could not have agreed to it terms and
   conditions. However, what Defendant Camacho failed to address is ". . . *that it is clearly*

22 *established law that sentencing is a "critical stage" of a criminal proceeding . . .*" see

23 *Mempa v. Rhay*, 389 U.S. 128, 134 (1967).  Here, if Defendants Russo and Trakas,
   including the governmental Defendants would have produced the entire California

24 underlying criminal and appellate proceedings, and should Defendant Camacho granted
   Plaintiff's request to obtain same and his parole central file, it would have been discovered

25 that the trial Ventura County, State of California judge Clark committed reversible error,

26 when he re-appointed defense counsel Chais at the sentencing phase, after Judge Clark had
   granted Plaintiff his Marsden Motion on the basis of an established conflict of interest and

27 fraud.  This evidence would not have been used to invalidate Plaintiff's conviction but as
   an integrated and wholistic evaluation of all facts, surrounding said conviction, under

28 extraneous circumstance, to make an true, justice and equitable adjudication of facts.

*Spiteri v. NYSDCJS, et al., etc*.                              **COMPLAINT**
Case No.:                    Page 9 of 47

b.     File an Article 78 to redress the "one sided", unconstitutional and statutory violation of Plaintiff's rights to a fair and just meaningful hearing.

c.     File an interlocutory appeal on the basis that the Defendants were abusing their authority and violating *Correction Law* § §168-f(6) by proceeding with a SORA hearing in violation of Plaintiff's 14th Amendment to the United States protection, and the interstate commerce clause of the United States constitution.

d.     Advance the theory of vindictive prosecution and reprisal, on a conspiracy basis between Riverside and Somona Counties law enforcement personnel, on the basis that Plaintiff had already prevailed on both aforementioned criminal prosecutions, and that said law enforcement personnel opined that Plaintiff "was always trying to get out of registering" when in fact since his release in 2000, Plantiff had never failed to register.

27.     Plaintiff begged Defendant Russo to file an Article 78 Petition, which Plaintiff had drafted for Defendant Russo's signature, including an intensive Forensic Psychological Report.   However, and again although Defendant Russo, promised he would, he never did, like what his associate Defendant Trakas had done previously.

28.     When Plaintiff would confront Defendant Russo about his lack of investigation, securing exculpatory evidence, presenting the Forensic Psychological Report to Defendant Camacho and DA; obtaining the Parole records; securing letter of  references; preparing for the hearings, and expressing his fear that  Plaintiff would be subjected to SORA registration and level classification, Defendant Russo would respond, "I am the lawyer. I went to law school. I know what I am doing. They cannot classify you. You have to trust me. I know what I am doing."

29.     In or about the beginning of May 2011, Plaintiff informed Defendant Russo to inform the Court that he, Plaintiff, was returning to his residence State

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:                          Page 10 of 47

of California to continue his services for the Law Offices of David L. Wright. In fact, it was Defendant Russo who paid for the flight for Plaintiff to return to the State of California. Plaintiff notified the Division and the Defendant Board of his departure.

30.    After Plaintiff left the State of New York, he received a call from Defendant Russo, who informed him that Defendant Camacho had continued to with SORA hearing, and classified Plaintiff as a Level III. Defendant Russo promised and guaranteed Plaintiff that he (Defendant Russo) would file an Appeal and Article 78 Petition to challenge not only the level classification, but the jurisdiction of Defendant Camacho and the Court.

31.    On or about June 15th, 2011, Defendant Russo informed Plaintiff via e-mail, to wit:

FROM: John Russo

TO: Chuck Spiteri

Wednesday, June 15, 2011 9:30 PM

Chuck:

I have still not received a formal Order from the Court and upon my inquiry moments ago, there was none served on my office yet. **Once it is received, I will appeal and fight and object with every process available.**[2]

I AM SHOCKED AND SURPRISED THAT NOTIFICATION WAS SENT TO NY STATE ESPECIALLY SINCE THE COURT WAS NOTIFIED BEFORE ISSUING ITS DECISION THAT YOU HAD RELOCATED.

---

[2]Please take notice that Plaintiff was still doing work for Defendant Russo. In fact, Plaintiff was negotiating a settlement with client Polesky, where Defendant Russo took $25,000.00 from Mr. & Mrs. Polesky to represent them on an appeal before the U.S. Ninth Circuit. However, as Defendant Russo had done to previous clients, i.e. Mr. Weiss and Mr. Abernaty ($80,000.00) retainer, Mr. Kennedy ($5,000.00) retainer, Maxwell Cates ($35,000.00), Defendant Russo abandoned Mr. & Mrs. Polesky, and refused to refund their money, notwithstanding that he had admitted he still had $10,000.00 left in his attorney/client trust account. In Mr. Weiss, Mr. Abernaty and Cates cases, they were represented by both Defendants Russo and Trakas.

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:                            Page 11 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508



ACCESS TO EQUAL JUSTICE

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
[For Mailing Purposes Only]
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

AS YOU KNOW THE SYSTEM IS SCREWED UP IN THESE MATTERS. I WILL ATTEND TO IT IMMEDIATELY BUT PLEASE GIVE ME WHAT SPECIFICS YOU CAN. THANK YOU.

John L. Russo
Attorney at Law
31-01 Broadway, 4th Floor
Astoria, New York 11106
(718)777-1777

32.    From July 2011 through November 2011, Plaintiff made numerous calls and send numerous e-mails, regarding the status of Plaintiff's appeal and Article 78 Petition to Defendant Russo. Plaintiff requested copies of said pleadings from both Defendant Russo and his secretary Maria. However, although they both promised that copies would be e-mailed to Plaintiff they never were. Plaintiff informed both Defendant Russo and his secretary Maria that he would send a courier to pick up said documents. Although the courier went to Defendant Russo's office on several times, he was told that the file could either not be located or that it was not done. However, on several telephone calls to Defendant Russo, he (Defendant Russo) confirmed that both the Notice of Appeal and the Article 78 had been filed.

33.    In the last week of November 2011, Plaintiff contact the Clerk of the Court, John Guastella (Clerk Guastella), to verify if, in fact, Defendant Russo had filed the Notice of Appeal and the Article 78 Petition.

34.    Clerk Guastella informed Plaintiff that he (Clerk Guastella) would contact Defendant Russo to see where he had filed the aforementioned two document, and that Clerk Guastella would check with New York Appellate Department to see if the documents were accidently misplaced.

35.    After approximately a week, Clerk Guastella notified Plaintiff that neither his office, nor the New York Appellate Department could confirm that Defendant Russo had filed any pleadings on behalf of the Plaintiff. He also informed Plaintiff that he had made several calls to Defendant Russo's office,

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

which were never returned by Defendant Russo.

36.    Thereafter, Clerk Guastella notified Plaintiff that Defendant Russo had not file any Article 78 nor any Notice of Appeal on behalf the Plaintiff.

37.    Thereafter, Plaintiff wrote numerous emails, letters and made numerous telephone calls to Defendants Registry, Cuomo, and Green petition for the deletion of Plaintiff's name and particulars from the Defendants' Sex Registration Website. This communication for relief went on for several months, and said Defendants denied each and every request/petition made by the Plaintiff.

38.    Plaintiff alleges that not only Defendants Registry, Cuomo, and Green denied his requests/petitions, but threatened that he would have to continue to register as a Level III classification in person with the local law enforcement for the City of Astoria, Borough of Queens, State of New York, every 90 days, and that failure to so do, will result in a warrant for Plaintiff's arrest, apprehension, detention, prosecution and imprisonment, notwithstanding that Plaintiff had moved back to his residential permanent and primary address in California and that his conviction did not occur within the jurisdiction and venue of the State of New York.

39.    Plaintiff is informed and believes that the governmental Defendants are receiving federal subsidizes for the implementation, administration, monitoring and publication of sex offender's information on their Sex Offender's Registry Website.   Plaintiff contends that said subsidy contract between the United States and the State of New York continuance an implied covenant of good faith and fair dealing, with the expectation that the governmental Defendants would not misuse said monies to advertise, publish and disseminate false information on their Sex Offender's Registry Website, or to induce the United States Department of Justice for doing the same or equivalent thing of false information, publicity and dissemination of same, through its Website. Plaintiff

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1    alleges that the governmental Defendants are committing public fraud and

2    misusing federal tax payer's money in their administration, implementation and

3    publicity of their Sex Offender's Registry Website, and are subject to Qui Tem

4    claim for their fraud and misuse of tax payers money.

5    40.    Plaintiff fear reprisal by the governmental Defendants due to or arising

6    from this Complaint and seeks temporary restraining order, commanding the

7    governmental Defendants to cease and desist or to institute any criminal

8    proceedings against the Plaintiff until such time, as this complaint is resolved

9    and adjudicated.

10    41.    Plaintiff is informed and believes that during the aforementioned

11    adjudication of the Level Classification, Defendants New York State Division

12    of Criminal Justice System; Andrew M. Cuomo; Michael C. Green; New

13    York State Sex Offender Board of Examiners; Richard A. Brown; Michelle

14    Mulligan; Judith V. Condo; Fernando Camacho; Richard A. Brown; Eric

15    Charles Rosenbaum; Sex Offender Monitoring Unit of the New York City

16    Police Department's Special Victims Division contacted Defendants Unknown

17    Several Law Enforcement Personnel for Ventura County, State of California;

18    Unknown Several Law Enforcement Personnel for Riverside County, State of

19    California; Unknown Several Law Enforcement Personnel Sonoma County,

20    State of California and discussed the pending two criminal prosecutions in

21    Riverside and Sonoma County and the aforementioned adjudication for Level

22    Classification of the Plaintiff.

23    42.    Plaintiff alleges that the Defendants, named in the above ¶ 40 conspired

24    to violated Plaintiff's constitutionally and statutory protected rights, by

25    contaminating and adversely influencing the administration of process in the

26    adjudication of registration requirement and Level Classification. That said

27    Defendants and each of them, knew or reasonably should have known that

28    Plaintiff was not convicted of a violent crime, and that his conviction was with

---

*Spiteri v. NYSDCJS, et al., etc.*                    **COMPLAINT**
Case No.:                    Page 14 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussofrakaslawsuit@gmail.com
Tel: 207.409.1508

1   a willing participant, which registration requirement, if any was governed by

2   *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1207; *People v. Ranscht* (2009)

3   173 Cal.App.4th 1369 [holding mandatory registration based on a conviction

4   for voluntary sexual penetration (§ 289, subd. (h)) violates equal protection];

5   also see *People v. Picklesimer*, No. S165680 (Cal. 03/15/2010)[The People

6   do not contest that the oral copulation was "voluntary" in the limited sense we

7   used that term in *Hofsheier* accordingly, they concede this conviction cannot

8   support mandatory registration;] see also *People v. Thompson*, 100

9   Cal.Rptr.3d 57, 177 Cal.App.4th 1424 (Cal.App. Dist.1 09/29/2009) [The

10  Attorney General concedes, that application of the mandatory registration

11  statute to that offense would violate his federal and state constitutional rights

12  to equal protection. We agree.] Notwithstanding that under the *Full Faith and*

13  *Credit Clause,* Article IV, Section 1, of the United States Constitution, said

14  Defendants were bound to follow the aforementioned judicial decisions. In

15  addition, Plaintiff alleges that because he is and continues to be an active civil

16  and constitutional rights advocate against Judicial, Prosecutorial and Law

17  Enforcement abuse and because he has actively opposed the illegal and

18  fraudulent 1998 conviction, the Defendants conspired among themselves, to

19  induce, implement, selectively and arbitrary enforcement and subjugate

20  Plaintiff to extreme and unconsciousable registration and Level Classification

21  that null and voids his protected constitutional and civil rights pursuant *Full*

22  *Faith and Credit Clause,* Article IV, Section 1, of the United States

23  Constitution,  said Defendants were bound to follow the aforementioned

24  judicial decisions, and the United States Sex Offender Registration and

25  Notification Act which is Title I of the Adam Walsh Child Protection and

26  Safety Act of 2006 (Public Law 109-248). (SORNA).

27                                    **PARTIES**

28  43.    At all times mentioned herein Plaintiff was a nonresident resident worker

---

*Spiteri v. NYSDCJS, et al., etc.*                              **COMPLAINT**
Case No.:                          Page 15 of 47



CARMEL SPITERI, B.A., NAALIR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussedrakaslawsuit@gmail.com
Tel: 207.409.1508

1   of the State of New York, and that his permanent and primary residence was
2   in the State of California.  At all times relevant to the allegations of this
3   complaint was a citizen of the State of California and the United States.
4   44.    At all times mentioned herein Defendants New York State Division of
5   Criminal Justice System, New York State Sex Offender Board of Examiners
6   and Sex Offender Monitoring Unit of the New York City Police Department's
7   Special Victims Division, hereinafter "Registry" were a political subdivision
8   of the State of New York, charged with the statutory responsibility for the
9   monitoring and accurate input of information on the New York Sex Offender's
10  Registry Website, with the legal and civic duty that said information is true,
11  correct and updated. Plaintiff further alleges that Defendants Registry are, were
12  and continue to be responsible for the creation and enforcement of policy
13  decision to use the New York State Sex Offender's registration statute to
14  evaluate, recommend and comply with the United States and New York State
15  Constitutions and applicable statutes, regulations, Acts, etc., on the posting,
16  publicizing implementing and follow-up of accurate information on the New
17  York State Sex Registration Website. Furthermore, Plaintiff alleges that
18  Defendants Registry are responsible because of their authorization, condoning,
19  and ratification of the acts of co-defendants. As such, Defendants Registry are,
20  were and continue to be aiders and abettors and/or co-conspirators of the
21  remaining governmental Defendants, in the acts, omissions, conspiracies and
22  other wrongful conduct described herein, all of whom knew or should have
23  known that their actions would cause legal injury to Plaintiff on an international
24  scale. Defendants, their agents, servants and/or employees, acting in concert,
25  under color of state laws, intentionally and willfully subjected plaintiff to, inter
26  alia, detention, malicious abuse of process, violation of Plaintiff s right to due
27  process, negligent and intentional infliction of emotional distress, violation of
28  the civil rights of Plaintiff, negligent infliction of emotional distress, and

personal injuries to Plaintiff. Therefore, Defendants Registry are sued in their official capacities for declaratory and injunctive relief purpose only.

45.    At all times relevant to this action, Defendant Andrew M. Cuomo, hereinafter "Cuomo", was and continues to be, as of the filing of this complaint, the Governor of the State of New York. This Defendant was and continues to be, as of the filing of this complaint responsible for the creation and enforcement of policy decision to use the Sex Offender's Registration Act and the administration, implementation and publicizing of names and particulars of sex offenders subject to the posting of their information on the New York Sex Offenders Registry on the legislative, statutory and legal basis of protecting the public from sex offenders living in their communities. He is further responsible because of his authorization, condoning, and ratification of the acts of co-defendants. As such, Defendant Cuomo is, was and continues to be, as of the filing of this complaint an aider and abettor and/or co-conspirator of the remaining governmental Defendants in the acts, omissions, conspiracies and other wrongful conduct described herein, all of whom knew or should have known that his actions would cause legal injury to Plaintiff. Defendant Cuomo, his agents, servants and/or employees, acting in concert, under color of state laws, intentionally and willfully subjected Plaintiff to, inter alia, detention, malicious abuse of process, violation of Plaintiff's right to due process, negligent and intentional infliction of emotional distress, violation of the civil rights of Plaintiff, negligent infliction of emotional distress, and personal injuries to Plaintiff. This Defendant is sued in his personal and official capacities.

46.    At all times relevant to this action, Defendant Michael  C. Green, hereinafter "Green", was and continues to be, as of the filing of this complaint, the Commissioner for the New York State Division of Criminal Justice System. This Defendant was and continues to be, as of the filing of this complaint

*Spiteri v. NYSDCJS, et al., etc.*                                      **COMPLAINT**
Case No.:                              Page 17 of 47

CARMEL SPITERI, B.A. NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussobrakaslawsuit@gmail.com
Tel: 207.409.1508

responsible for the creation and enforcement of policy decision to use the Sex Offender's Registration Act and the administration, implementation and publicizing of names and particulars of sex offenders subject to the posting of their information on the New York Sex Offenders Registry on the legislative, statutory and legal basis of protecting the public from sex offenders living in their communities. He is further responsible because of his authorization, condoning, and ratification of the acts of co-defendants. This Defendant was responsible for the training, supervision, and conduct of all Defendants underneath his control, jurisdiction and authority. As such, Defendant Green is, was and continues to be, as of the filing of this complaint an aider and abettor and/or co-conspirator of the remaining governmental Defendants in the acts, omissions, conspiracies and other wrongful conduct described herein, all of whom knew or should have known that their actions would cause legal injury to plaintiff. Defendant Green, his agents, servants and/or employees, acting in concert, under color of state laws, intentionally and willfully subjected Plaintiff to, inter alia, detention, malicious abuse of process, violation of Plaintiff s right to due process, negligent and intentional infliction of emotional distress, violation of the civil rights of Plaintiff, negligent infliction of emotional distress, and personal injuries to Plaintiff. This Defendant is sued in his official capacities.

47.    At all times relevant to this action, Defendant Richard A. Brown, hereinafter "Brown", was and continues to be, as of the filing of this complaint, the District Attorney for the Borough of Queens, State of New York. This Defendant was and continues to be, as of the filing of this complaint responsible for the investigation, civil prosecution and enforcement of policy decision to use the Sex Offender's Registration Act and the administration, implementation and publicizing of names and particulars of sex offenders subject to the posting of their information on the New York Sex Offenders

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorktrussodrakaslawsuit@gmail.com
Tel: 207.409.1508

CARMEL SPITERI, B.A. NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1  Registry on the legislative, statutory and legal basis of protecting the public
2  from sex offenders living in their communities. He is further responsible
3  because of his authorization, condoning, and ratification of the acts of
4  co-defendants. This Defendant was responsible for the training, supervision,
5  and conduct of all Defendants underneath his control, jurisdiction and
6  authority. As such, Defendant Brown is, was and continues to be, as of the
7  filing of this complaint an aider and abettor and/or co-conspirator of the
8  remaining governmental Defendants in the acts, omissions, conspiracies and
9  other wrongful conduct described herein, all of whom knew or should have
10 known that their actions would cause legal injury to plaintiff. Defendant
11 Brown, his agents, servants and/or employees, acting in concert, under color
12 of state laws, intentionally and willfully subjected Plaintiff to, inter alia,
13 detention, malicious abuse of process, violation of Plaintiff s right to due
14 process, negligent and intentional infliction of emotional distress, violation of
15 the civil rights of Plaintiff, negligent infliction of emotional distress, and
16 personal injuries to Plaintiff. Plaintiff alleges that Defendant Brown did not
17 have jurisdiction to entertain a SORA and Level Classification proceedings
18 since Plaintiff was not a resident of the State of California and not subject to
19 such proceedings or classification. This Defendant is sued in his official
20 capacities.

21 48.    At all times relevant to this action, Defendant Michelle Mulligan,
22 hereinafter "Mulligan", was and continues to be, as of the filing of this
23 complaint, the person in charge of or in some manner responsible for Sex
24 Offender's Registration Act Registration for the State of New York, and of the
25 administration, implementation and publicizing of names and particulars of sex
26 offenders subject to the posting of their information on the New York Sex
27 Offenders Registry on the legislative, statutory and legal basis of protecting the
28 public from sex offenders living in their communities. She is further



CARMEL SPITERI, B.A. NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1    responsible because of her authorization, condoning, and ratification of the acts

2    of co-defendants. This Defendant was responsible for the training, supervision,

3    and conduct of all Defendants underneath her control, jurisdiction and

4    authority. As such, Defendant Mulligan is, was and continues to be, as of the

5    filing of this complaint an aider and abettor and/or co-conspirator of the

6    remaining governmental Defendants in the acts, omissions, conspiracies and

7    other wrongful conduct described herein, all of whom knew or should have

8    known that their actions would cause legal injury to Plaintiff. Defendant

9    Mulligan, her agents, servants and/or employees, acting in concert, under color

10   of state laws, intentionally and willfully subjected Plaintiff to, inter alia,

11   detention, malicious abuse of process, violation of Plaintiff s right to due

12   process, negligent and intentional infliction of emotional distress, violation of

13   the civil rights of Plaintiff, negligent infliction of emotional distress, and

14   personal injuries to Plaintiff. This Defendant is sued in his official capacities.

15   49.    At all times relevant to this action, Defendant Judith V. Condo,

16   hereinafter "Condo", was and continues to be, as of the filing of this complaint,

17   a Board Examiner for the New York Sex Offenders Division.   Defendant

18   Condo was, at all times mentioned herein, in charge of or in some manner

19   responsible for deciding if Plaintiff should register under the New York Sex

20   Offender's Act and to recommend a Level Classification to the Supreme Court

21   for the State of New York and Defendant Brown on the legislative, statutory

22   and legal basis of pretextually protecting the public from sex offenders living

23   in their communities[3]. Plaintiff alleges that Defendant Condo, participated in

24

25        [3] Recidivism rates for convicted sex offenders are the LOWEST of all crimes except
26   murder, and this has been consistently documented since long before the public registry
     existed. A 2012 study from CT found a 2.7% re-offense rates.(See   "Sex Offender
27   Recidivism in Connecticut", Connecticut DOC, 2012. http://www.ct.gov/opm/lib/opm/
     cjppd/cjresearch/recidivismstudy/sex_offender_recidivism_2012_final.pdf) A 2007 study
28   from New York found that just 3.5% of registrants commit new sex crimes. (See "Sex

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:                          Page 20 of 47



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorktrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1    the improper examination, evaluation, and adjudication of Plaintiff's status for

2    registration and Level Classification. She is further responsible because of her

3    authorization, condoning, and ratification of the acts of co-defendants. This

4    Defendant was responsible for the training, supervision, and conduct of all

5    Defendants underneath her control, jurisdiction and authority.   As such,

6    Defendant Condo is, was and continues to be, as of the filing of this complaint

7    an aider and abettor and/or co-conspirator of the remaining governmental

8    Defendants in the acts, omissions, conspiracies and other wrongful conduct

9    described herein, all of whom knew or should have known that their actions

10   would cause legal injury to plaintiff. Defendant Condo, her agents, servants

11   and/or employees, acting in concert, under color of state laws, intentionally and

12   willfully subjected Plaintiff to, inter alia, detention, malicious abuse of process,

13   violation of Plaintiff's right to due process, negligent and intentional infliction

14   of emotional distress, violation of the civil rights of Plaintiff, negligent

15   infliction of emotional distress, and personal injuries to Plaintiff. This

16   Defendant is sued in his official capacities.

17   50.    At all times relevant to this action, Defendant Fernando Camacho,

18   hereinafter "Camacho" is a judicial officer assigned to the Criminal Division

19   of the New York State Supreme Court, Borough of Queens for the purpose of

20   adjudicating cases filed by under *Correction Law* § 168 *et seq.*  Plaintiff

21   alleges that Defendant Camacho, participated in the improper examination,

22

23   _____

     offender populations, recidivism and actuarial assessment", New York Div. of Probation and
24   Correctional Alternatives, 2007. http://theparson.net/so/NYsomgmtbulletinmay2007.pdf)
     The Defendants are using old statistical data which no longer has viable nor credible upon
25   which reasonable person could truthfully and meaningful place a demand on registration or
     classification of level thereof.  Ignoring imperial data provided by creditable institutions
26   regarding Recidivism rates for convicted sex offenders by the Defendants and holding on
     to the past which no longer is supported by the truth, is a way of continuing to discriminate,
27   penalize and punitively harm recipients of registrations, and fraudulent way of securing
28   financial federal subsidize, imposing a tremendous and unwarranted burden on the taxpayer.

*Spiteri v. NYSDCJS, et al., etc*.                                **COMPLAINT**
Case No.:                          Page 21 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussofrakaslawsuit@gmail.com
Tel: 207.409.1508

1   evaluation, and adjudication of Plaintiff's status for registration and Level
2   Classification.    Plaintiff alleges that Defendant Camacho has a limited
3   jurisdiction in exercising his judicial authority to uphold the registration and
4   Level Classification of a potential recipient of registration under SORA, *i.e.*
5   jurisdiction on sex offenders who are residents of the State of New York.
6   Plaintiff alleges that at all times mentioned herein, Defendant Camacho did not
7   have authority nor jurisdiction to adjudicate the Level Classification of
8   nonresident workers, such as the Plaintiff. Furthermore, Plaintiff alleges that
9   as a judicial officer, Defendant Camacho had a civic and legal duty to protect
10  the constitutional and statutory rights of the Plaintiff, and to exercise his duties
11  in a fair and meaningful, unbias and non-discriminatory manner. Defendant
12  Camacho, his agents, servants and/or employees, acting in concert, under color
13  of state laws, intentionally and willfully subjected Plaintiff to, inter alia,
14  detention, malicious abuse of process, violation of Plaintiff s right to due
15  process, negligent and intentional infliction of emotional distress, violation of
16  the civil rights of Plaintiff, negligent infliction of emotional distress, and
17  personal injuries to Plaintiff. Defendant Camacho is being sued in his official
18  capacities. (See ***Pulliam v. Allen***, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed.
19  2d 565 [1984] . . . "The Supreme Court, Justice Blackmun, held that: (1)
20  judicial immunity is not a bar to prospective injunctive relief against judicial
21  officer acting in her judicial capacity, and (2) judicial immunity is no bar to
22  award of attorney fees under section 1988.") Plaintiff alleges that Defendant
23  Camacho did not have jurisdiction to entertain a SORA and Level
24  Classification proceedings since Plaintiff was not a resident of the State of
25  California and not subject to such proceedings or classification.
26  51.    At all times relevant to this action, Defendant Eric Charles Rosenbaum,
27  hereinafter "Rosenbaum", was and continues to be, as of the filing of this
28  complaint, a deputy district attorney under the supervision, monitoring, and



CARMEL SPITERI, B.A., NAALHR. Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1  control of Defendant Brown, in charge of or in some manner responsible for
2  representing the people of the State of New York, in particular the people for
3  the Borough of Queens, State of New York in SORA proceedings. deciding
4  if Plaintiff should register under the New York Sex Offender's Act and to
5  recommend a Level Classification to the Supreme Court for Plaintiff alleges
6  that Defendant Rosenbaum, participated in the improper examination,
7  evaluation, and adjudication of Plaintiff's status for registration and Level
8  Classification. He is further responsible because of his authorization,
9  condoning, and ratification of the acts of co-defendants. As such, Defendant
10 Rosenbaum is, was and continues to be, as of the filing of this complaint an
11 aider and abettor and/or co-conspirator of the remaining governmental
12 Defendants in the acts, omissions, conspiracies and other wrongful conduct
13 described herein, all of whom knew or should have known that their actions
14 would cause legal injury to plaintiff.  Plaintiff alleges that Defendant
15 Rosenbaum did not have jurisdiction to entertain a SORA and Level
16 Classification proceedings since Plaintiff was not a resident of the State of
17 California and not subject to such proceedings or classification. This
18 Defendant is sued in his personal and official capacities. (See **Pulliam v.**
19 **Allen**, supra)

20 52.    Plaintiff alleges that the Unknown Several Law Enforcement Personnel
21 for Ventura County, State of California, are sued herein under fictitious names
22 and capacities because their identities are unknown to Plaintiff. When their true
23 names and capacities are ascertained, whether corporate, associate, or
24 otherwise, Plaintiff will amend this Complaint by inserting the same herein.
25 Each and every allegation of this Complaint which charges Defendants shall
26 also charge these Defendants, inclusive and each of them. Plaintiff alleges that
27 these Defendants are and were at all times mentioned herein employees,
28 agents, representatives and law enforcement personnel for the County of



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

Ventura, State of California. As such, these Defendants are, were and continue to be, as of the filing of this complaint an aider and abettor and/or co-conspirator of the remaining governmental Defendants in the acts, omissions, conspiracies and other wrongful conduct described herein, all of whom knew or should have known that their actions would cause legal injury to plaintiff. These Defendants are sued in his official capacities.

53.    Plaintiff alleges that the Unknown Several Law Enforcement Personnel for Riverside County, State of California, are sued herein under fictitious names and capacities because their identities are unknown to Plaintiff. When their true names and capacities are ascertained, whether corporate, associate, or otherwise, Plaintiff will amend this Complaint by inserting the same herein. Each and every allegation of this Complaint which charges Defendants shall also charge these Defendants, inclusive and each of them.  Plaintiff alleges that these Defendants are and were at all times mentioned herein employees, agents, representatives and law enforcement personnel for the County of Ventura, State of California. As such, these Defendants are, were and continue to be, as of the filing of this complaint an aider and abettor and/or co-conspirator of the remaining governmental Defendants in the acts, omissions, conspiracies and other wrongful conduct described herein, all of whom knew or should have known that their actions would cause legal injury to plaintiff. These Defendants are sued in his official capacities.

54.    Plaintiff alleges that the Unknown Several Law Enforcement Personnel Sonoma County, State of California, are sued herein under fictitious names and capacities because their identities are unknown to Plaintiff. When their true names and capacities are ascertained, whether corporate, associate, or otherwise, Plaintiff will amend this Complaint by inserting the same herein. Each and every allegation of this Complaint which charges Defendants shall also charge these Defendants, inclusive and each of them.  Plaintiff alleges that



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1   these Defendants are and were at all times mentioned herein employees,

2   agents, representatives and law enforcement personnel for the County of

3   Ventura, State of California. As such, these Defendants are, were and continue

4   to be, as of the filing of this complaint an aider and abettor and/or

5   co-conspirator of the remaining governmental Defendants in the acts,

6   omissions, conspiracies and other wrongful conduct described herein, all of

7   whom knew or should have known that their actions would cause legal injury

8   to plaintiff. These Defendants are sued in his official capacities.

9   55.     Plaintiff alleges that Defendant John L. Russo (dba the Law Offices of

10  John Russo), hereinafter "Russo", is and at all pertinent times herein was an

11  attorney licensed to practice law in the State of New York, and was the

12  associate of Defendant Arthur G. Trakas, during the aforementioned SORA

13  proceedings. Defendant Russo's office in the City of Astoria, Borough of

14  Queens, State of New York.  Plaintiff is uncertain as to Defendant Russo's

15  business entity form, and same would be determined at time of trial. Defendant

16  Russo is being used in his personal capacity and as an attorney doing business

17  as the Law Offices of John L. Russo.

18  56.     Plaintiff alleges that Arthur G. Trakas (Dba) the Law Offices of Arthur

19  G. Trakas, is and at all pertinent times herein was an attorney licensed to

20  practice law in the State of New York, and was the associate of Defendant

21  Russo, during the aforementioned SORA proceedings. Defendant Trakas's

22  office in the City of Astoria, Borough of Queens, State of New York.  Plaintiff

23  is uncertain as to Defendant Trakas's business entity form, and same would be

24  determined at time of trial. Defendant Trakas is being used in his personal

25  capacity and as an attorney doing business as the Law Offices of Arthur G.

26  Trakas.

27  57.     Defendants, Does 1 through 25, inclusive, are sued herein under

28  fictitious names and capacities because their identities are unknown to Plaintiff.

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:                        Page 25 of 47

When their true names and capacities are ascertained, whether corporate, associate, or otherwise, Plaintiff will amend this Complaint by inserting the same herein. Each and every allegation of this Complaint which charges Defendants shall also charge Does 1 through 25, inclusive and each of them.

58.    At all times mentioned herein, Defendants Does 1 through 25, and each of them, were the agents, partners, members, shareholders, servants, employees, employers, joint venturers, directors, managers or supervisors of each of the other Defendants. In doing the things hereafter alleged, each Doe Defendant was acting within the purposes, course, and scope of such agency, servitude, employment, partnership, joint venture, directorship, management or supervision of each of the other Defendants and/or with the authority, permission and consent of the other Defendants. Each Doe Defendant was, in some manner, responsible for the wrongs committed against Plaintiff.

### FIRST COUNT
### Declaratory and Injunctive Relief
### The New York Sora Is Unconstitutional Facially and as Applied to Plaintiff, in That it Imposes Burdensome Registration and Reporting Requirements on Nonresident Workers Recipients of Registration Against Defendants Registry, Cuomo, Green, Mulligan and Condo

59.    Plaintiff realleges the preceding paragraphs.

60.    Plaintiff alleges that Defendants are recipient of federal financial subsidizes and therefore waived the *Eleventh Amendment* to the United States Constitution, immunity, subjecting them to this cause of action and proceedings. (See *Title* 42 *United States Code* § 2000d–7(a)).

61.    Plaintiff alleges that the New York State Legislature enacted SORA as a non-punitive, civil remedy to supervise, monitor and make receipting of SORA registration accessible to investigations and surveillance. Plaintiff alleges SORA, which went into effect on January 21, 1996 (see L 1995, ch 192, § 3), imposes registration requirements on " '[s]ex offender[s],' " i.e., "any person who is convicted of" certain sex offenses enumerated in the statute

CARMEL SPITERI, B.A. NAALIR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Tel: 207.409.1508
Em: newyorkrussotrakaslawsuit@gmail.com



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1    (*Correction Law* § 168-a [1]). SORA "applies to sex offenders incarcerated

2    or on parole or probation on its effective date, as well as to those sentenced

3    thereafter, thereby imposing its obligations on many persons whose crimes

4    were committed prior to the effective date" (*Doe v Pataki*, 120 F3d 1263,

5    1266, cert denied 522 US 1122; see § 168-g; *People v Carey*, 47 AD3d 1079,

6    1080, lv dismissed 10 NY3d 893). "Pursuant to *Correction Law* § 168-a (2)

7    (d), certain defendants convicted of sex offenses in other jurisdictions must

8    register as sex offenders in New York" (*People v Kennedy*, 7 NY3d 87, 89).

9    As relevant here, "a person convicted of a felony in another jurisdiction . . . has

10   been subject to registration in New York if the foreign offense 'includes all of

11   the essential elements' of one of the New York offenses listed in SORA"

12   (*Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*,

13   8 NY3d 745, 748-749, quoting L 1995, ch 192, § 2). In 1999, the Legislature

14   added another basis for registration arising from a foreign conviction, i.e., that

15   an offender must register in New York if he or she was convicted of a felony

16   "for which the offender is required to register as a sex offender in the

17   jurisdiction in which the conviction occurred" (L 1999, ch 453, § 1; see North,

18   8 NY3d at 749). Where a sex offender is convicted in another jurisdiction and

19   then relocates to New York, *Correction Law* § 168-k (1) provides that he or

20   she "shall notify the division [of criminal justice services] of the new address

21   no later than [10] calendar days after such sex offender establishes residence

22   in [New York]."

23        a.    Correction Law § 168-f (6) provide that, "Any nonresident

24   worker or nonresident student, as defined in subdivisions fourteen and

25   fifteen of section one hundred sixty-eight-a of this article, shall register his

26   or her current address and the address of his or her place of

27   employment or educational institution attended with the division within ten

28   calendar days after such nonresident worker or nonresident student

*Spiteri v. NYSDCJS, et al., etc.*                              **COMPLAINT**
Case No.:                          Page 27 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

commences employment or attendance at an educational institution in the state. Any nonresident worker or nonresident student shall notify the division of any change of residence, employment or educational institution address no later than ten days after such change. The division shall notify the law enforcement agency where the nonresident worker is employed or the educational institution is located that a nonresident worker or nonresident student is present in that agency's jurisdiction."

62. Defendants Registry, Cuomo, Green, Mulligan and Condo have engaged and continue to engage in a pattern or practice of using SORA to further punish and subjugate out-of-state nonresident workers, by subjecting them to Level Classification, thereby creating the appearance of sending a message to this class of citizens not to go to the State of New York for any purpose. This pattern or practice of usage includes, but not limited to:

a. use of the SORA Level Classification in violation of Correction Law § 168-f(6) to assign a Level Classification to a nonresident worker, like the Plaintiff;

b. use of criminal courts rather then the civil courts to adjudicate a Level Classification;

c. use of the Office of the District Attorney to represent the People in a SORA hearing, instead using an non-enforcement agencies or personnel, in light of the fact, that SORA is pretextually non-criminal and non-punitive;

d. Falsely charging the SORA receiptient with a Felony, notwithstanding that he or she did not commit any crime or infraction or have committed a minor infraction

e. Publishing on the Supreme Court Criminal Docket and website that the recipients registration is pending an action for committing a Felony and/or is charged with committing a Felony, notwithstanding that he or she did not commit any crime or infraction or have committed a minor infraction.

CARMEL SPITERI, B.A. NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Tel: 207.409.1508
Em: newyorkrussotrakaslawsuit@gmail.com

f.      Conducting the SORA hearing in the same manner as conducted in criminal proceedings, not limited to:

i.      The recipient of registration is escorted by two corrections officers, who remain standing behind him or her;

ii.     Ordered to put his or her hands behind her back and not allowed to sit or freely converse with his lawyer ;

iii.    Must remain standing during the entire proceedings;

iv.     Not provide a separate "respondent" table away from the "ears" of the court clerk, the judge and the district attorney, with the ability to confidential speak with his or her attorney.

g.      Falsely publishing on Defendants' administered website Plaintiff previous address, Astoria, Queens, New York , notwithstanding that Plaintiff had completed his nonresident work and returned to his primary and permanent residence in the State of California, almost a year ago.      (Violation of *Correction Law* § 168-q(1))

63.     These Defendants have engaged and continue to engage in a pattern or practice of recommending more restrictive Level Classification or recommending Level Classification and SORA hearing, when it is not even applicable. Plaintiff alleges that these Defendants pretextually has and continue to use SORA proceedings, and the true purpose is to punish, humiliate, subjugate, embarrass, harass and create a condition of environment that oppresses Plaintiff's right to be free from governmental control, notwithstanding, that Plaintiff complied with *Correction Law* § 168-f(6).

64.     Through the actions described above, these Defendants have engaged in and continue to engage in a pattern or practice of conduct that deprives nonresident workers and out-of-state recipients of registration of rights, privileges, or immunities secured or protected by the Constitution (including the *Fourth* and *Fourteenth Amendments*) or the laws of the United States, in

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:                        Page 29 of 47



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

violation of *Title* 42 *United States Cod* §§ 1983 and 1985, including the right to conduct commerce without governmental arbitrary, capricious, discriminatory and selective enforcement.

65.    **WHEREFORE**, Plaintiff seeks judgment as follows:

a.    Plaintiff seeks declaratory and equitable relief to eliminate a pattern or practice of these Defendants' conduct that deprives Plaintiff and those similar situated of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

b.    For an order finding and declaring that these Defendants have engaged in a pattern or practice of depriving Plaintiff and those similar situated of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

c.    For an order finding and declaring these Defendants to refrain from engaging in any of the predicate acts forming the basis of the pattern or practice of conduct as described above;

d.    For an order finding and declaring these Defendant to adopt and implement policies, practices, and procedures to remedy the pattern or practice of conduct described above, and to prevent any law enforcement personnel from depriving Plaintiff and those similar situated of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States; and

e.    For an order finding and declaring such other appropriate relief as the interests of justice may require.

**SECOND COUNT**
*Title* 42 *United States Code* § 2000d–7(a)
**Against Defendants Registry, Cuomo, Green, Mulligan, Condo,
Camacho, Brown and Rosenbaum**

66.    Plaintiff realleges the preceding paragraphs.

67.    Plaintiff alleges that Defendants are recipient of federal financial



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

subsidizes and therefore waived the ***Eleventh Amendment*** to the United States Constitution, immunity, subjecting them to this cause of action and proceedings.   (See ***Title*** 42 ***United States Code*** § 2000d–7(a)).

68.   ***Title*** 42 ***United States Code*** § 2000d–7(a) provides that:

> (1)   A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation . . . Federal statute prohibiting discrimination by recipients of Federal financial assistance.

> (2)   In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

69.   Plaintiff alleges that these Defendants are recipient and beneficiaries of federal financial assistance, thereby must comply with the anti-discrimination laws, regulations, rules, Presidential Executive Orders, and written policies as established by and through the ***Spending Clause***, Article I, Section 8, Clause 1 of the United States Constitution and the ***Commerce Clause***, Article I, Section 8, Clause 3, which Plaintiff alleges that the acts and omissions, regulations and policies by these Defendants constitute facial discrimination against nonresident workers and out-of-state recipients of registration.

70.   Plaintiff is a person of a protected class, citizen of the State of California.

71.   Plaintiff alleges that these Defendants discriminated against him and other similarly situated on the basis of an out-of-state conviction as citizen of the State of California, by using the New York SORA to effectuate, implement and punish out-of -state citizens by depriving them of equal protection under the laws of the United States, by inducing SORA hearings and Level Classification on nonresident workers, such as the Plaintiff, with the intended or implied purpose to discourage the Plaintiff and/or nonresident workers similarly situated from conducting temporary business or  employment in the

*Spiteri v. NYSDCJS, et al., etc.*                                                    **COMPLAINT**
Case No.:                                 Page 31 of 47

State of New York.

72.    Plaintiff had made numerous written requests to these Defendants, to remove him from their Website, but, all requests have been denied.  In fact, Plaintiff even received threats of retaliation by one of the Deputy Commissioner, when Plaintiff informed said person that the posting on the Website was a "lie, and mis-advertisement of fact" which served no legitimate purpose, since Plaintiff no longer lived in the State of New York.  (Violation of Correction Law §  168-q(1))

73.    Plaintiff alleges that these Defendants hide and exercise their "state police power" under the pretext of protecting the local communities from recipients of registration, when in fact, the act with deliberate indifference by publishing false, erroneous and misleading information on the Website, i.e. in this case, claiming that Plaintiff continues to reside within the City of Astoria, Borough of Queens, State of New York, when in fact, over a year ago, Plaintiff relocated back to his residential and primary address in the City of Palm Springs, County of Riverside, State of California.  After having complied with the California *Penal Code* § 290 by registering with his home State and city of residence, (City of Palm Springs), Plaintiff left the continent of the United States, and is no longer residing in any of its territories.  Yet, these Defendants continue to mislead the public of the State of New York by posting that Plaintiff still lives within the jurisdiction of the City of Astoria, Borough of Queens, State of New York, when in fact, they know that he does not. (Violation of *Correction Law* §  168-q(1))

    **WHEREFORE**, Plaintiff prays for judgment as follows, including but not limited to:

    a.    For an order finding and declaring that Defendants' acts and practices as alleged herein violate of applicable law;

    b.    For an order finding and declaring that Defendants' acts and

*Spiteri v. NYSDCJS, et al., etc.*                               **COMPLAINT**
Case No.:                    Page 32 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 891117-8408
(For Mailing Purposes Only)
Tel: 207.409.1508
Em: newyorkrussotrakaslawsuit@gmail.com

practices as alleged herein violate Plaintiff's applicable constitutional rights against defacto discrimination, on the basis of citizenry of another state and as a nonresident worker;

c.    For an order finding and declaring that SORA has applied to nonresident workers, including the Plaintiff, violates the United States Constitution, and the mandates imposed upon the States through the Spending and Commerce Clauses of the United States Constitution, including the anti-discrimination statutes against arbitrary, selective, oppressive and capricious enforcement on the basis of citizenry and nonresident worker's status.

d.    For injunctive relief prohibiting Defendants from continuing to violate said applicable law through the policies and practices alleged herein;

e.    An award of Plaintiffs reasonable attorney's fees and costs;

f.    Such other and further relief as the Court may deem just and proper.

**THIRD COUNT**
**FACIAL DISCRIMINATION**
**Against Defendants Registry, Cuomo, Green, Mulligan, Condo, Camacho, Brown and Rosenbaum**

74.    Plaintiff realleges the preceding paragraphs.

75.    Plaintiff alleges that Defendants are recipient of federal financial subsidizes and therefore waived the *Eleventh Amendment* to the United States Constitution, immunity, subjecting them to this cause of action and proceedings.  (See *Title* 42 *United States Code* § 2000d–7(a)).

76.    Plaintiff alleges that the acts and omissions of these Defendants violated established law pursuant to the Spending Clause, Article I, Section 8, Clause 1 and the Commerce Clause, Article I, Section 8, Clause 3,  of the United States Constitution, on the basis which are not limited to:

a.    Administering the SORA implementation by discriminating against recipients of registration's citizenry.

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussofrakaslawsuit@gmail.com
Tel: 207.409.1508



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

b.      Administering the SORA implementation by discriminating against nonresident workers.

c.      Administering the SORA implementation on the basis of selective, arbitrary, capricious, and oppressive enforcement against recipients of registration's citizenry.

d.      Administering the SORA implementation on the basis of selective, arbitrary, capricious, and oppressive enforcement against nonresident workers.

e.      Notwithstanding that SORA has been declared by the United States Supreme Court and the New York Legislature that it is civil in nature and non-punitive, these Defendants use and utilize the New York Supreme Court Criminal Division and the Office of the District Attorney to process, litigate and adjudicate applications made by the New York Board Examiner for Sex Offenders, rather than the New York Supreme Court Civil Division, subjecting recipients of registration to a distinctive, selective and arbitrary disparity then any other civil litigation or litigant.

77.     "The Court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future" (Emphasis added) (***Louisiana v United States***, 380 US 145, 154 (1965)).

78.     Furthermore, on October 05th, 2010 the California Deputy Attorney General Janet E. Neeley, in relevant parts wrote to Defendant Trakas:

> **"However, because of the specific crimes that Mr. Spiteri was convicted of committing, you should also be aware that has a legal basis upon which to challenge his duty to register as a sex offend. (See *People v. Hofsheier* (2006) 37 Cal.4th 1185 [129 P.3d 29]; *People v. Pickesimer* (2010) 48 Cal.4th 330 [226 P.3d 348]).**

79.     In this instance, the 'e-court' publication (see Exhibit 4) places the Respondent a "false light" before the public. (Restatement Second of Torts §§

CARMEL SPITERI, B.A., NAALIR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussofrakaslawsuit@gmail.com
Tel: 207.409.1508

652[B], 652[D] and 652[E])(*Howell v. New York Post Co.*, 81 NY2d 115, 123 [1993]).  Respondent is not pending a criminal case to be adjudicated against, rather this process is administrative in nature, and the forum upon which such an administrative adjudication can be had, has been chosen by the New York legislature to be before the Supreme Court - Criminal Division, and it makes it not less administrative because of such a forum.  Under the facts, circumstances and law of this case, Respondent contends the publication on the 'e-court' website, where it can be accessed, download, printed, and distributed worldwide, is highly offensive to a reasonable person and the Plaintiff had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light into which the Respondent would be placed (*Machleder v Diaz*, 801 F.2d 46 (1986)).  This Court is requested to "[t]herefore construe the words "in the context of the entire statement or publication as a whole, tested against the understanding of the average reader." (*Aronson v. Weirsma*, 65 NY2d 592 [1985]).

**WHEREFORE**, Plaintiff prays for judgment as follows, including but not limited to:

a.    For an order finding and declaring that Defendants' acts and practices as alleged herein violate of applicable law;

b.    For an order finding and declaring that Defendants' acts and practices as alleged herein violate Plaintiff's applicable constitutional rights against defacto discrimination, on the basis of citizenry of another state and as a nonresident worker;

c.    For an order finding and declaring that SORA has applied to nonresident workers, including the Plaintiff, violates the United States Constitution, and the mandates imposed upon the States through the Spending and Commerce Clauses of the United States Constitution, including the anti-discrimination statutes against arbitrary, selective, oppressive and capricious

*Spiteri v. NYSDCJS, et al., etc.*                                                **COMPLAINT**
Case No.:                                    Page 35 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Tel: 207.409.1508
Em: newyorkrussotrakaslawsuit@gmail.com

1    enforcement on the basis of citizenry and nonresident worker's status.

2         d.    For injunctive relief prohibiting Defendants from continuing to

3    violate said applicable law through the policies and practices alleged herein;

4         e.    An award of Plaintiffs reasonable attorney's fees and costs;

5         f.    Such other and further relief as the Court may deem just and

6    proper.

## FOURTH COUNT
## MALICIOUS ABUSE OF PROCESS
### Against Defendants Registry, Cuomo, Green, Mulligan, Condo, Camacho, Brown, Rosenbaum, Ventura, Sonoma and Riverside Counties

10    80.    Plaintiff realleges the preceding paragraphs.

11    81.    Plaintiff is informed and believes that Defendants Ventura County and

12    its employees, Riverside County and its employees, and Sonoma County and

13    its employees, furnished, provided, disseminated, generated and delivered

14    through the United States Postal Service and the Federal Communications,

15    false, deceive, privileged, unfounded, misleading information that should have

16    been, as a matter of law, destroyed, for the purpose of urging, citing and

17    conspiring with the remaining Defendants, to effectuate an illegal or

18    unauthorized Level Classification against the Plaintiff.

19    82.    Plaintiff alleges that the referral of Plaintiff for a SORA hearing and the

20    recommendation for a Level III Classification, by Defendants Registry,

21    Cuomo, Green, Mulligan, Condo was a malicious abuse of process arising

22    from the defacto discrimination against Plaintiff's citizenry and nonresident

23    worker status, including reprisal for his assertions of his constitutionally and

24    statutory protected rights under the *First*, *Fourth*, *Fifth*, *Sixth* and *Fourteenth*

25    *Amendment* of the United States Constitution and the Law Of Nations, and his

26    continuous claim of innocence of the underlying 1998 California conviction.

27    83.    Plaintiff alleges that the referral of Plaintiff for a SORA hearing and the

28    recommendation for a Level III Classification, by Defendants Brown and

---

*Spiteri v. NYSDCJS, et al., etc.*                    **COMPLAINT**
Case No.:                    Page 36 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1  Rosenbaum was a malicious abuse of process arising from the defacto
2  discrimination against Plaintiff's citizenry and nonresident worker status,
3  including reprisal for his assertions of his constitutionally and statutory
4  protected rights under the *First*, *Fourth*, *Fifth*, *Sixth* and *Fourteenth*
5  *Amendment* of the United States Constitution and the Law Of Nations, and his
6  continuous claim of innocence of the underlying 1998 California conviction.
7  Furthermore, Defendants Brown and Rosenbaum deprived Plaintiff to
8  exculpatory evidence, and interfering with his statutory protected rights
9  pursuant to *Correction Law* § 168-f(6).

10  84.    Plaintiff was denied a fair and meaningful hearing, when Defendant
11  Camacho conspired with Defendant Rosenbaum not to consider, ignore, de
12  minimize, null and void and obliviated, among other things:

13      a.    Plaintiff's approximate fourteen (14) years free of recidivism,
14  convictions, or other type of unacceptable social behavior.

15      b.    The California Supreme Court cases which would otherwise
16  exempt Plaintiff from registering.

17      c.    Plaintiff's contributions to the Queens Community College, were
18  he donated an approximately $40,000.00 piece of art, honouring those who had
19  perished in 9/11. (See Exhibit 5)

20      d.    Plaintiff's contribution of several piece of art donated to the New
21  York Police Association to be exhibited in the New York Police Museum,
22  again honouring those who had perished in 9/11, which approximately valued
23  in excess of $65,000.00. (See Exhibit 6)

24      e.    Plaintiff's contribution of approximately hundred (100) piece of
25  art, which were auctioned in Astoria for Autism Speaks, valued in excess of
26  $150,000.00.   (See Exhibit 7)

27      f.    Plaintiff's pro bono lecturing to the New York Community
28  College Senate, Manhattan College and Westchester Community College, in

*Spiteri v. NYSDCJS, et al., etc.*                    **COMPLAINT**
Case No.:                    Page 37 of 47



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Tel: 207.409.1508
Em: newyorkrussofrakaslawsuit@gmail.com

1  human development, social worker's ethics, Gestalt Therapy, and
2  inappropriate sexual interaction with patience, students and clients.

3       g.       Approximately $55,000.00 of professional assistance to the
4  World Police & Fire Games 2011, contributing art drafts for posters, paying
5  for around 15,000 postcards which were distributed at the Canada hosted
6  World Police & Fire Games 2009.  Plaintiff was honoured by the WPFG by
7  posting one of his piece of art on its website.  (See Exhibit 8)

8  85.    Plaintiff alleges that Defendant Camacho knew or reasonably should
9  have known that Plaintiff was a nonresident, since a letter to Defendant Condo
10  had been sent specifically informing the Defendants of his status, including the
11  notations contained in the registration form.  Notwithstanding, that Defendant
12  Camacho knew or should have known of Plaintiff's nonresident worker status
13  and that Defendant Camacho was given prior written and oral notice by
14  Defendant Russo, of Plaintiff returning to his original residence in the State
15  California, with conscious disregard to the truth , i.e. Plaintiff was no longer
16  under the jurisdiction, if ever, of the New York Supreme Court, ergo,
17  Defendant Camacho, he continuing to adjudicate the matter, and classified
18  Plaintiff as a Level III, in violation of *Correction Law* § 168 *et seq.*

19  86.    Plaintiff alleges that Defendant Camacho had no jurisdiction to
20  adjudicate Plaintiff as a Level III Classification, on the basis that Plaintiff was
21  a nonresident worker and had fully complied with *Correction Law* § 168-f(6).

22  87.    Plaintiff alleges that Defendant Camacho entered into a conspiracy with
23  these Defendants, for the sole purpose to retaliate against Plaintiff for
24  consistently and relentlessly challenging provisions of the Megan Law in
25  various States, and that he had already, himself prevailed twice, when
26  Defendants Riverside and Sonoma attempted to prosecute him for failing to
27  register, and that both cases were dismissed with prejudice in favour of the
28  Plaintiff.    Plaintiff alleges that Defendant Camacho had ex parte

*Spiteri v. NYSDCJS, et al., etc.*                          **COMPLAINT**
Case No.:                        Page 38 of 47



CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

1  communication with the remaining Defendants to plan and execute their

2  wished in malicious classifying Plaintiff as a Level III Classification, for the

3  purpose of impose collateral consequence that were not contemplated nor

4  authorized by his conviction, to wit:

5       a.    Level 3 recipients have to verify their address in person every 90

6  days.

7       b.    Notify the DCJS, in writing, no later than ten days after a change

8  in address and appear in person.

9       c.    Notify the DCJS, in writing, when enrolled in or working at an

10  institution of higher learning within 10 days, and appear in person.

11       d.    Level 3 recipients  must appear in person every year.

12       e.    Level 3 recipients are required to notify DCJS, in writing, of

13  employer's name and address and appear in person.

14       f.    Impose residential restrictions.

15       g.    Plaintiff would not be able to work in his life time employment as

16  a forensic, civil and constitutional rights representatives for indivdidauls

17  protected pursuant to IDEA, ADA, Rehabilitation Act, and other Acts

18  protecting citizens against institutional, government, judicial, prosecutorial and

19  law enforcement abuse and misconduct.

20  88.    Plaintiff alleges that his conviction was in the State of California and that

21  New York was not the venue nor jurisdiction to sentence the Plaintiff in the

22  underlying case. That notwithstanding the Deputy District Attorney for the

23  County of Ventura (DDACV)had admitted of forging Plaintiff's signature and

24  initials to various sections of the plea agreement; that DDACV altered the

25  terms and conditions which Plaintiff would have agreed, which would have

26  involved a non-sexual conviction; and notwithstanding the Judge, DDACVand

27  the court appointed lawyer for Plaintiff had filed a false plea agreement bearing

28  two different dates of signing, the last date was allegedly signed by the

*Spiteri v. NYSDCJS, et al., etc.*                                    **COMPLAINT**
Case No.:                          Page 39 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussofrakaslawsuit@gmail.com
Tel: 207.409.1508

1  Plaintiff, a day after the plea agreement had been filed with the Clerk of the
2  Court; and that Plaintiff had suffered a seizure and was take by ambulance to
3  the hospital from the courthouse and could not have signed plea agreement,
4  Plaintiff still complied with the registration requirement and continued to fight
5  for his freedom and declaration of innocence. Defendants could not have in
6  good conscious nor under their oath of office, to ignore the fraud, improprieties
7  and unlawful conduct of the Judge, DDACV and the Plaintiff's appointed legal
8  counsel, when looking to the substance of the case. Plaintiff alleges that no
9  Jurist in the entire world would have allowed the type of misconduct, fraud,
10 deceit and forgery to continue via the SORA proceedings by these Defendants.
11 89.    Even if this Defendant had jurisdiction to adjudicate a Level
12 Classification upon the Plaintiff, Defendant Camacho deprived Plaintiff of a
13 fair and meaningful hearing when he ruled that he would only considered the
14 documents submitted by the remaining government Defendants, and denied
15 Plaintiff his constitutionally and statutory rights.
16 90.    Furthermore, Defendant Camacho violated established law, when he
17 issued his Level Classification, without any finding of law or facts as required
18 pursuant to *People v Laboy* (Edmilio) 2011 NY Slip Op 50086(U) [30 Misc
19 3d 134(A)], depriving Plaintiff of his *Fourteenth Amendment* to both
20 procedural and substantive due process, and failed to address the issue whether
21 or not Plaintiff was even subject to registration pursuant to *People v. Scott*
22 *Liden*. Docket No./Court: SCID 30142-2007)
23 91.    Plaintiff alleges that, while there is a need for restraint by federal courts
24 called upon to enjoin actions of state judicial officers, there is no support for
25 a conclusion that Congress intended to limit the injunctive relief available
26 under § 1983 in a way that would prevent federal injunctive relief against a
27 state judge. Rather, Congress intended § 1983 to be an independent protection
28 for federal rights, and there is nothing to suggest that Congress intended to

*Spiteri v. NYSDCJS, et al., etc.*                              **COMPLAINT**
Case No.:                          Page 40 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

expand the common-law doctrine of judicial immunity to insulate state judges completely from federal collateral review. (See *Pulliam v. Allen*, supra pp. 1978–1981.)   Furthermore, judicial immunity is no bar to the award of attorney's fees under the Civil Rights Attorney's Fees Awards Act. Congress has made clear in the Act its intent that attorney's fees be available in any action to enforce § 1983. (Id)

**WHEREFORE**, Plaintiff prays judgement as Defendant Camacho as follows, including but not limited to:

a.      For an order finding and declaring that Defendant Camacho was absent any jurisdiction to adjudicate a Level Classification, pursuant to *Correction Law* § 168-f(6);

b.      For an order finding and declaring that Defendant Camacho's acts and practices as alleged herein violate of applicable law;

c.      For an order finding and declaring that Defendants' acts and practices as alleged herein violate Plaintiff's applicable constitutional rights against defacto discrimination, on the basis of citizenry of another state and as a nonresident worker;

d.      For an order finding and declaring that Defendant Camacho's May 2011 Order null and void.

e.      For injunctive relief prohibiting any Defendants named in this complaint from enforcing, acting upon, or implementing Defendant Camacho's aforementioned May 2011 Order alleged herein;

f.      An award of Plaintiffs reasonable attorney's fees and costs;

g.      Such other and further relief as the Court may deem just and proper.

**FIFTH COUNT**
**FALSE ADVERTISEMENT AND FRAUD**
**Against Defendants Registry, Cuomo, Green, Mulligan, Condo, Camacho, Brown, and Rosenbaum**

*Spiteri v. NYSDCJS, et al., etc*.                                    **COMPLAINT**
Case No.:                          Page 41 of 47

92.    Plaintiff realleges the preceding paragraphs.

93.    *Corrections Law* § 168-q(1) requires that the Defendants post the exact residence address in the county or cities of the recipient of registration resides.

94.    *Corrections Law* § 168-q(2) authorizes a victim of violation of the law, to bring a civil action in the appropriate court requesting preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or group of persons responsible for such action. The foregoing remedies shall be independent of any other remedies or procedures that may be available to an aggrieved party under other provisions of law.

95.    During the period of time set forth above, Plaintiff discovered that these Defendants had published on their website that Plaintiff was convicted of a crime for which he was never charged nor convicted of. Plaintiff demand removal, but, for several months, Defendants continued to publish said false information for the view of the entire world through the internet, thereby, Defendants used the federal communication system and interstate commerce law to publish, distribute, disseminate and advertise false information about the Plaintiff, subjecting Plaintiff to international humiliation, embarrassment, pain and suffering, and subjugation, in violation of his *First, Fourth, Fifth* and *Fourteenth* Amendments to the United States Constitution, *Corrections Law* § 168-q(1) and the statutes of fraud and mis-advertisement.

96.    In addition, during said period of time, Defendants published, distributed, disseminated and advertised false information about the Plaintiff, false claiming that after June 01st, 2010 to date, Plaintiff resided and continues to reside at the nonresident worker's address, in the city of Astoria, Bourough of Queens, State of California, through the use of federal communication system and interstate commerce, subjecting Plaintiff to international humiliation, embarrassment, suffering, and subjugation, in violation of his

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotratalawsuit@gmail.com
Tel: 207.409.1508

1    *First*, *Fourth*, *Fifth* and *Fourteenth* Amendments to the United States

2    Constitution, *Corrections Law* § 168-q(1) and the statutes of fraud and mis-

3    advertisement.

4    **WHEREFORE**, Plaintiff prays judgement as Defendant Camacho as

5    follows, including but not limited to:

6    a.    For an order finding and declaring that Defendants are not entitled

7    to either absolute or qualified immunity. (See *Pulliam v. Allen*, 466 U.S. 522,

8    104 S. Ct. 1970, 80 L. Ed. 2d 565 [1984])

9    b.    For an order finding and declaring that Defendants violated

10    Plaintiff's constitutionally and statutory protected rights against the posting of

11    false and malicious information that Plaintiff was convicted of having a sexual

12    relationship with a 13 years old by, when they knew that such information was

13    false, defamatory and slanderous per se.

14    c.    For an order finding and declaring that Defendant Camacho's acts

15    and practices as alleged herein violate of applicable law.

16    d.    For an order finding and declaring that Defendants' acts and

17    practices as alleged herein violate Plaintiff's applicable constitutional rights by

18    posting false information that Plaintiff continues to reside at his previous

19    nonresident worker's address.

20    e.    For injunctive relief prohibiting any Defendants named in this

21    complaint from continuing to post said information on their website or by any

22    means which does not depict the true and correct facts.

23    f.    Enjoin the Defendants from furnishing false, expunged,

24    incomplete and unauthorized documents that as a matter of law are false.

25    g.    For compensatory, punitive and exemplary damages as would

26    other be authorized by law.

27    h.    An award of Plaintiffs reasonable attorney's fees and costs;

28    i.    Such other and further relief as the Court may deem just and

*Spiteri v. NYSDCJS, et al., etc.*                    **COMPLAINT**
Case No.:                    Page 43 of 47

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

proper.

## SIXTH COUNT
## LEGAL MALPRACTICE AND FRAUD
### Against Defendants Trakas and Russo

97.   Plaintiff realleges the preceding paragraphs.

98.   Plaintiff hired Defendant Trakas to represent him in an Article 78 Petition addressing Plaintiff's constitutionally and statutory protected rights against the New York Defendants, identified above.

99.   In consideration for said representation, it was agreed between the Plaintiff and Defendant Trakas, that Plaintiff had to perform administrative and legal assistance services on numerous cases assigned by Defendant Trakas' client's caseload, without payment for said services, which would be allocated to the aforementioned Article 78 Petition procedures.

100.  Plaintiff prepared a draft of said Article 78 Petition, which claimed to have been finalized by Defendant Trakas, and promised that it would be filed.

101.  However, after several months, Plaintiff discovered that Defendant Trakas did not file such petition.

102.  Thereafter, Plaintiff was ordered to appear for a SORA hearing and determination for a Level Classification.

103.  Plaintiff relied on the representations of Defendant Trakas, who had superior knowledge of the New York statutes regarding SORA, and badedon that reliance of legal professionalism,   Plaintiff surrendered his faith, livelihood, freedom and profession at the hands of Defendant Trakas.

104.  Plaintiff performed his part of the contract, to assist Defendant Trakas on criminal, civil, I.D.E.A., copyright, trademark, fraud, American with Disabilities, Rehabilitation Act 1974 and anti-discrimination in an amount in excess of approximate sum of $40,000.00, the exact amount which would be determined at time of trial.

105.  Plaintiff alleges that when Defendant Trakas made the above

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Tel: 207.409.1508
Em: newyorkrussotrakaslawsuit@gmail.com

1    representations and entered into said contract for Plaintiff to perform said work

2    in consideration of said representation by Defendant Trakas, he had no

3    intention to perform his (Defendant Trakas) part of the agreement, and his

4    intention was to defraud the Plaintiff by unjustly enriching himself through the

5    services of the Plaintiff.

6    106.   Plaintiff alleges that should have Defendant Trakas filed, served and

7    prosecuted the aforementioned Article 78 Petition, Plaintiff would have not

8    been exposed, prosecuted nor adjudicated under SORA and would not have

9    been subjected to a level classification.  In fact, should have Defendant Trakas

10   informed Plaintiff that he (Defendant Trakas) had no intention to file the

11   Article 78 Petition, Plaintiff would have terminated his nonresident worker's

12   status and returned to primary residence in the State of California.

13   107.   However, Defendant Trakas referred Plaintiff to Defendant Russo for

14   the filing of the Article 78 Petition and to represent Plaintiff in the SORA Level

15   Classification procedures.

16   108.   Notwithstanding that Plaintiff had prepared a drafted to the above

17   mentioned Article 78 Petition for both these two Defendants, said two

18   Defendants never filed, served or prosecuted the Article 78 Petition, all to

19   Plaintiff's harm, injury, damages, emotional distress and loss of earnings.

20   109.   Plaintiff performed all the work assigned by Defendant Russo and

21   although Defendant Russo did make appearance at the SORA hearings,

22   Defendant Russo's representation that he had expertise in said proceedings,

23   were facially and factually false.

24   110.   Plaintiff alleges that he performed in excess of $50,000.00 worth of

25   work.  A demand was made to pay Plaintiff but Defendant Russo refused.

26   However, Defendant Russo did pay the airfare for Plaintiff to return to his

27   residence in the State of California.

28

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 891117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

111.   Plaintiff alleges that these two Defendants' knew that Plaintiff was gullible and vulnerable to believe that he would not be exposed to a SORA Level Classification as a nonresident worker, and that they would protect him until his temporary assignments with these two Defendants were completed.

112.   Plaintiff alleges these two Defendants enticed Plaintiff by offering ten (10) per cent per each case he referred to them, which were in the hundred thousands, as indicated above, but not limited just to those cases.

113.   Plaintiff alleges that these two Defendants failed to act with ordinary reasonable skill by not filing any of the two Article 78 Petitions, Defendant Russo failure to file an Notice of Appeal and prosecute the appeal after Defendant Camacho's made his ruling and issued his order, after claiming that he did file the Notice of Appeal and promising the Plaintiff to take every legal step to overturn and/or set aside Defendant Camacho's order and was these two Defendants' negligence the proximate cause of Plaintiff's loss of constitutional and statutory protection; publicizing Plaintiff on the internet for a crime he did not commit nor ever been convicted off; allowing the New York government Defendants to publish false information about Plaintiff's residence; exposing Plaintiff to local and international public embarrassment, humiliation, depression, emotional distress resulting in physical manifestation, including angina, seizures, bilateral migraine headaches, etc.

114.   Furthermore, Plaintiff was deprived of the monies he had earned on working on the aforementioned cases and performing said legal assistance and forensic services for these two Defendants.

**WHEREFORE**, Plaintiff prays for judgement against Defendants Trakas and Russo, as follows:

    a.    DEFENDANT TRAKAS:

        i.    $40,000.00 for back wages.

CARMEL SPITERI, B.A., NAALHR, Non-Attorney
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
(For Mailing Purposes Only)
Em: newyorkrussotrakaslawsuit@gmail.com
Tel: 207.409.1508

ii.     Compensatory, Punitive and exemplary damages in accordance to proof at time of trial;

iii.    An order referring Defendant Trakas to the State Bar Disciplinary Committee, etc.,

iv.    For attorney's fees

v.     For any further relief this Court deems fair and proper.

b.    **DEFENDANT RUSSO:**

i.     $40,000.00 for back wages.

ii.     Compensatory, Punitive and exemplary damages in accordance to proof at time of trial;

iii.    An order referring Defendant Trakas to the State Bar Disciplinary Committee, etc.,

iv.    For attorney's fees

v.     For any further relief this Court deems fair and proper.

(See, *Vlahakis v. Mendelson & Associates*, 54 A.D.3d 670, 863 N.Y.S.2d 479 (App. Div. 2d Dep't 2008).

## VERIFICATION

1.    I, declare I am the Plaintiff in this action.  I am a non-attorney, representing myself in pro se.  I am a citizen of the United States.

2.    I declare to the best of my ability and knowledge that the above is true and correct, and that those allegation based on information and belief are also true and correct.

Executed on May 29th, 2012, under penalty of perjury under the laws of the United States.

Respectfully Submitted:

*Carmel Spiteri*

Carmel Spiteri, *non-attorney*
Plaintiff, *in pro se*