UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CARMEL SPITERI,

                Plaintiff,

v.

JOHN LEO RUSSO, et al.,

                Defendants.

-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
12 CV 2780 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Carmel Spiteri requests *pro bono* counsel in the above-captioned action. (Docket Entry 66.) There is no right to counsel in a civil case. *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984). A court cannot compel an attorney to take a civil case without a fee, *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989), but it may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In deciding whether to grant a request for counsel, the Court must first consider whether the plaintiff has met "'a threshold showing of some likelihood of merit.'" *Johnston v. Genessee County Sheriff Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir 1989)). If the Court finds that the plaintiff has met the threshold requirement, the Court should next consider "'the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . , the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.'" *Id.* at 42 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)). Plaintiff does not

establish the threshold requirement of likely merit at this juncture. Therefore, plaintiff's application for *pro bono* counsel is denied without prejudice.

SO ORDERED:

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: October 19, 2012
      Brooklyn, New York