UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CARMEL SPITERI,

                Plaintiff,

                                **MEMORANDUM & ORDER**
        v.                             12 CV 2780 (MKB)

JOHN LEO RUSSO, et al.,

                Defendants.

-------------------------------------------------------------------x
MARGO K. BRODIE, United States District Judge:

      Plaintiff Carmel Spiteri commenced the above-captioned action *pro se* on May 31, 2012 and filed an amended complaint on August 24, 2012. On September 28, 2012, Plaintiff attempted service on Andrew Cuomo, the Governor of New York State, allegedly sued in his official capacity, by personally serving William Collins of the New York State Attorney General's Office. For the reasons set forth below, service on the Governor was improper. Plaintiff's request for an extension of time to properly serve the Governor is granted.

      Under the Federal Rules of Civil Procedure, service to the state executive either needs to be in person or pursuant to the local rules of procedure. Fed. R. Civ. P. 4(j)(2); *see also Berkowitz By Berkowitz v. N.Y.C. Bd. of Educ.*, 921 F. Supp. 963, 968 (E.D.N.Y. 1996) (discussing service of the state, state officials, and state organs).

      Service on the State of New York ("the State") and state officials sued in their official capacity is governed by Section 307 of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R. § 307"). Under N.Y.C.P.L.R. § 307(1), service of process on the State may be effectuated by serving an assistant attorney general. Under N.Y.C.P.L.R. § 307(2), "personal service on a state officer sued solely in an official capacity is made either (1) by personally

serving the officer or (2) by mailing the officer a copy of the summons by certified mail *and* personally serving an assistant attorney-general at an office of the attorney-general or the attorney-general himself within the state." *Stoianoff v. Comm'r of Motor Vehicles*, 208 F.3d 204 (2d Cir. 2000) (summary order) (emphasis in original); *see also Clarke v. Smith*, 951 N.Y.S.2d 241, 242 (App. Div. 2012) (Service under N.Y.C.P.L.R. § 307(2), which provides the provisions for service on a state officer sued solely in an official capacity or state agency, must be by "either (1) personal[] deliver[y] [of] the summons to defendants, or (2) deliver[y] [of] same to defendants by certified mail in conjunction with personal delivery upon an Assistant Attorney General[.]").

If a plaintiff chooses service by mail, the requirements of the rule must be strictly followed. *Berkowitz*, 921 F. Supp. at 968 ("New York courts have frequently rejected parties' requests to override the statutory service requirement[.]"). The mail must be sent certified mail with 'URGENT LEGAL MAIL' written on the envelope to the official's office. *Fried v. N.Y. Office of Children & Family Serv.s,* No. 05-CV-5522, 2008 WL 4360749, at *4 (E.D.N.Y. Sept. 24, 2008) (sending mail where "the envelope containing the documents did not include the legend "URGENT LEGAL MAIL" on the front . . . failed to properly effect service on any of the named Defendants."); *Moogan v. N.Y. Dep't. of Health*, 778 N.Y.S.2d 161, 162 (App. Div. 2004) (Service was improper when Plaintiff failed to put "URGENT LEGAL MAIL" on the envelope.).

Even if an assistant attorney general accepts service, service on an assistant attorney general, without mailing the documents to the office of the official, is insufficient service of process under N.Y.C.P.L.R. § 307(2). *See Hanson v. New York*, No. 06-CV-6287, 2006 WL, 2006 WL 3063475, at *2 (W.D.N.Y. Oct. 26, 2006) ("Applying these provisions, both state and

federal courts have held that service upon an assistant attorney general is not sufficient to confer jurisdiction over a state agency or official, even if the assistant attorney general represents that he is authorized to accept service on their behalf."); *Berkowitz*, 921 F. Supp. at 967–68 (E.D.N.Y. 1996) (Service on "the Attorney General of the State of New York" was insufficient service under N.Y.C.P.L.R. § 307(2), despite the fact that the Attorney General accepted service).[1]

The affidavit of service filed by the Plaintiff indicates that an individual at the Attorney General's Office was served in person on September 23, 2012. (Docket Entry 57.) There is no indication that Plaintiff sent a copy via certified mail with "URGENT LEGAL MAIL" written on the envelope to Governor Cuomo's office.[2] (Docket Entry 57.) Therefore, service was insufficient under N.Y.C.P.L.R. § 307(2).

Plaintiff requests that the Court extend the 120 days deadline for service. (Docket Entry 85.) Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff shall serve the complaint within 120 days of the complaint being filed. Filing an amended complaint does not toll the time to serve a defendant named in the initial complaint. *Sikhs for Justice v. Nath*, No. 10-CV-2940, 2012 WL 4328329, at *5 (S.D.N.Y. Sept. 21, 2012) ("The filing of an amended complaint, however, does not restart the 120 day period for service under Rule 4(m)."); *Harris v. Westchester Cnty. Med. Ctr.*, No. 08-CV-1128, 2010 WL 2674545, at *1 (S.D.N.Y. July 1, 2010) ("[F]iling an amended complaint in itself does not toll the service period, thereby providing an

---

[1] "[T]he fact that a defendant has notice of a lawsuit does not remedy defective service." *Dawkins v. Hudacs*, 159 F.R.D. 9, 10 (N.D.N.Y. 1994) (citing *Martin v. N.Y. Dep't. of Mental Hygiene,* 588 F.2d 371, 373 (2d Cir. 1978)); *see also Moogan v. N.Y. Dep't. of Health,* 778 N.Y.S.2d 161, 162 (App. Div. 2004) (dismissing action for failing to strictly follow the service requirements in N.Y.C.P.L.R. § 307(2) despite the fact that the defendant had actual notice of the action).

[2] There is also no indication of whether the individual served was an assistant attorney general or someone who holds another office in the Attorney General's Office.

additional 120 days for service." (alterations in the original) (internal quotation marks and citations omitted)); *Tekula v. Bayport-Blue Point Sch. Dist.*, 295 F. Supp. 2d 224, 229 (E.D.N.Y. 2003) ("[T]he filing of an amended complaint does not extend the 120 day period[.]"). "However, adding a new party through an amended complaint initiates a new 120–day timetable for service upon the added defendant." *Harris*, 2010 WL 2674545, at *1 (alterations in the original) (internal quotation marks and citations omitted). Governor Cuomo was named in the original complaint; therefore, the 120 day period began to run with the filing of the initial complaint. Plaintiff filed his complaint on May 31, 2012; thus, the 120 day period expired on September 28, 2012.

Under Rule 4(m), a district court must extend the 120 day period upon a showing of good cause. Fed. R. Civ. P. 4(m). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *Torres v. Carry*, 800 F. Supp. 2d 577, 585 (S.D.N.Y. 2011) (citations omitted); *see also Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 118 (S.D.N.Y. 2010) (describing good cause under Rule 4(m)). A district court may also extent the period in the absence of good cause at its discretion. Fed. R. Civ. P. 4(m).

Plaintiff asserts that he attempted to properly serve Governor Cuomo but he misunderstood N.Y.C.P.L.R. § 307(2) and he believed service on the Attorney General's Office was proper service on the Governor. (Docket Entry 85.) Plaintiff has demonstrated reasonable efforts and diligence in attempting to serve Governor Cuomo. The Court also notes that the Attorney General's Office has been in touch with the Governor's Office regarding Plaintiff's complaint. (Docket Entry 73.) Thus, any prejudice suffered by Governor Cuomo would be minimal. Given, plaintiff's *pro se* status and his attempted service on the Governor, the Court

finds that Plaintiff has demonstrated good cause. *See, e.g.*, *Faulk v. N.Y.C. Dept. of Corr.*, No. 08-CV-1668, 2012 WL 4075165, at *2 (S.D.N.Y. Sept. 14, 2012) (finding good cause where the "[p]laintiff ha[d] been diligent in his efforts to serve these defendants, especially in light of his *pro se* status"); *Toner v. Suffolk Cnty. Water Auth.,* 220 F.R.D. 20, 21 (E.D.N.Y. 2004) ("[T]he requirements under 4(m) are often lessened when faced with a pro se litigant."). Plaintiff is granted an additional 14 days from the date of this order to serve the Governor.

**Conclusion**

For the reasons set forth above, Plaintiff has not properly served Governor Cuomo. Plaintiff's application for an extension of time to serve Governor Cuomo is granted. Plaintiff shall have 14 days from the date of this order to properly serve Governor Cuomo.

SO ORDERED:

/s/ MKB

MARGO K. BRODIE
United States District Judge

Dated: November 6, 2012
   Brooklyn, New York