UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CARMEL SPITERI,

                Plaintiff,

        v.

JOHN LEO RUSSO, et al.,

                Defendants.

-----------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12 CV 2780 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Carmel Spiteri commenced the above-captioned action *pro se* on May 31, 2012 and filed an amended complaint on August 24, 2012. The Parties are currently in the middle of briefing motions to dismiss the amended complaint. On November 30, 2012, Plaintiff wrote to the Court seeking to file a Second Amended Complaint.

    Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a district court may grant leave to amend a complaint. "It is within the sound discretion of the district court to grant or deny leave to amend." *Wilson v. Merrill Lynch & Co., Inc.*, 671 F.3d 120, 139 (2d Cir. 2011) (alterations omitted) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *MHANY Mgmt. Inc. v. County of Nassau*, No. 05–CV–2301, 2012 WL 523521, at *48–49 (E.D.N.Y. 2012) (district court has discretion when deciding whether to grant leave to amend). A court may deny a motion to amend the complaint because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 102–03 (E.D.N.Y. 2004) (citations omitted); *see also Wilson v. Merrill Lynch & Co., Inc.,* 671

F.3d 120, 140 (2d Cir. 2011) ("Where amendment would be futile, denial of leave to amend is proper." (alterations omitted) (citing *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006)).

Plaintiff's request to amend the complaint at this juncture is denied. Defendants' moving papers on their motions to dismiss are due today, November 30, 2012. The State Defendants have written to the Court indicating that they are finalizing their moving papers. (*See* Docket Entry 100.) The Court finds that amendment after the opposing parties have already spent considerable time and resources to respond to the current complaint would be prejudicial. Furthermore, the Court has reviewed the items Plaintiff wishes to amend and finds that such an amendment would be futile. If Plaintiff believes amendment would cure any of the deficiencies in the complaint raised in the Defendants' motions to dismiss papers, Plaintiff is granted leave to renew his request to amend the complaint in regard to those deficiencies in his opposition papers to the motions to dismiss.

**Conclusion**

For the reasons set forth above, Plaintiff's request to amend the complaint is denied.

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 30, 2012
Brooklyn, New York