UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CARMEL SPITERI,

                Plaintiff,

     v.

JOHN LEO RUSSO, et al.,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12-CV-2780 (MKB)

-----------------------------------------------------------------x
MARGO K. BRODIE, United States District Judge:

      Plaintiff Carmel Spiteri commenced the above-captioned action *pro se* on May 31, 2012 and filed a First Amended Complaint (the "Amended Complaint") on August 24, 2012. On November 30, 2012, Plaintiff wrote to the Court seeking to file a Second Amended Complaint to add the "Webmasters" of the "Busted Offenders" website as defendants. Plaintiff also sought to amend to add claims for "unfair trade practice," "deceptive trade practice," discrimination based on national origin, and interference with contract (which he defines as his California plea agreement) against the State Defendants.[1] (Docket Entry No. 99.) Additionally, he sought leave to add claims against named State Defendants in their individual capacities and a retaliation claim. (*Id.*) The same day, November 30, 2012, the Court denied Plaintiff's request to file a Second Amended Complaint; however, the Court granted Plaintiff leave to renew his request to

---

[1] Plaintiff stated that he would also like to add these claims against the "Defendants" New York City and New York City Police Department Sex Offenders Unit. However, New York City was not named as a defendant in the Amended Complaint and there is no indication that the New York City Sex Offenders Unit was ever properly served; therefore, neither is currently a party in the case. (*See* Am. Compl. ¶¶ 18–37; Docket Entries Nos. 22, 23, 57, 61, 98.)

amend the Amended Complaint in his response to Defendants' motions to dismiss. (Docket Entry No. 101.)

Plaintiff wrote to the Court on December 1, 2012, to seek reconsideration of his request to amend the Amended Complaint. (Docket Entry No. 105.) Plaintiff also references, without asking for explicit reconsideration, the Court's denial of Plaintiff's temporary restraining order and denial of his request for document production. (Docket Entry No. 79.)[2] Having considered Plaintiff's motion for reconsideration, for the reasons set forth below, the Court declines to modify its prior orders.

I.  **Standard of Review**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Rule 6.3 (The moving party must "set[ ] forth concisely the matters or controlling

---

[2] Plaintiff also requested that he be allowed to file certain documents under seal. Plaintiff attempted to file these documents with his request seeking to file a Second Amended Complaint. (Docket Entry No. 99.) The Court has reviewed the documents submitted by Plaintiff. Other than a document that appears to be a demand by Plaintiff to the New York State Division of Criminal Justice to be removed from the sex offender website and seeking information, all of the other documents appear to be documents that are publicly available and therefore, there is no basis for sealing said documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (holding that "judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment" and "the presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing"); *Delollis v. Fuchs*, No. 12-CV-2331, 2012 WL 5867370, at *1 (E.D.N.Y. Nov. 16, 2012) (holding that motion papers are judicial documents requiring presumption of access); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-CV-2014, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) ("Motion papers are judicial documents and are thus subject to a strong presumption of access under the First Amendment."). However, due to the personal nature of some of the information contained in these documents, the Court will allow Plaintiff to resubmit redacted copies, redacting the personal information. The redacted copies are to be filled publically on ECF.

2

decisions which counsel believes the Court has overlooked."). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11-CV-5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted). A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present 'an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citations and alteration omitted). Moreover, "it is well-settled that a party may not, on a motion for reconsideration, raise an argument for the first time." *Image Processing Tech., LLC v. Canon Inc.*, No. 10-CV-3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) (citation, alteration and internal quotation marks omitted) (collecting cases).

## II. Discussion

In Plaintiff's papers requesting reconsideration, Plaintiff points to no "controlling decisions or data that the court overlooked[,]" *Shrader*, 70 F.3d at 257, but rather uses his request as an opportunity to "voice disagreement with the Court's decision." *Premium Sports*, 2012 WL 2878085, at *1. Therefore, for the reasons outlined below, the Court declines to modify its prior orders.

### a. Motion to Amend the First Amended Complaint

The Court's decision to deny Plaintiff's request to amend the Complaint a second time was two-fold: (1) the Court found that granting Plaintiff's request to amend the Amended Complaint on the very same day that Defendants' moving papers in support of their motions to dismiss and papers in opposition to Plaintiff's preliminary injunction motion were to be filed

would cause prejudice to Defendants; and (2) it was clear to the Court that amendment to add new defendants – the primary amendment sought by Plaintiff – would be futile. Nevertheless, the Court held that, if Plaintiff had amendments to the Amended Complaint that he believed would rectify any deficiencies outlined in Defendants' motions to dismiss, Plaintiff could seek to amend the Amended Complaint in his opposition to the motions to dismiss.

Under Rule 15(a)(2) and Rule 21 of the Federal Rules of Civil Procedure, a district court may grant leave to amend a complaint. "It is within the sound discretion of the district court to grant or deny leave to amend." *Wilson v. Merrill Lynch & Co., Inc.*, 671 F.3d 120, 139 (2d Cir. 2011) (alterations omitted) (quoting *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007)); *MHANY Mgmt. Inc. v. County of Nassau*, No. 05-CV-2301, 2012 WL 523521, at *48–49 (E.D.N.Y. 2012) (district court has discretion when deciding whether to grant leave to amend); *In re Initial Pub. Offering Sec. Litig.*, 224 F.R.D. 550, 551 (S.D.N.Y. 2004) ("Whether to permit a plaintiff to amend her pleadings is a matter within the Court's 'sound discretion.' That discretion encompasses both whether to permit substantive amendments of plaintiffs' claims and allegations, as well as whether to permit the joinder of additional plaintiffs."). A court may deny a motion to amend the complaint because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 102–03 (E.D.N.Y. 2004) (citations omitted); *see also Wilson,* 671 F.3d at 140 ("Where amendment would be futile, denial of leave to amend is proper." (alterations omitted) (citing *In re Tamoxifen Citrate Antitrust Litig*., 466 F.3d 187, 220 (2d Cir. 2006))).

Defendants Trakas and Russo first sought leave to dismiss Plaintiff's initial Complaint, on July 10, 2012. (*See* Docket Entry No. 12.) On August 8, 2012, during a telephone conference, the Court granted Defendants Trakas and Russo leave to file motions to dismiss. Plaintiff indicated during that conference that he intended to amend the Complaint. Plaintiff filed the Amended Complaint on August 28, 2012. (*See* Docket Entry No. 45.) On September 28, 2012, during a status conference, the Court adjusted the briefing schedule to allow Defendants Trakas and Russo the opportunity to amend their motions to dismiss to address the additional allegations raised in Plaintiff's Amended Complaint and to give Plaintiff an opportunity to properly serve the State Defendants, who had previously not been properly served. During the same status conference, the Court also granted Plaintiff leave to file a preliminary injunction motion. Plaintiff properly served the first State Defendant on September 28, 2012. (*See* Docket Entry 57.) The last State Defendant was not properly served until November 19, 2012.[3] (*See* Docket Entry 98.) Due to delays in service, the hurricane known as Super Storm Sandy, and Plaintiff's requests for additional time, the original motion schedule was enlarged. (*See* Docket Entries 72, 86, 87, 88, 89, 91–93, 95.) On November 30, 2012 — the same day as Defendants' moving papers were due, Plaintiff requested leave to amend the Amended Complaint yet again. Plaintiff had given the Court no indication, at any point prior, that he wished to seek a further amendment of the Amended Complaint. Therefore, the Court found that Plaintiff's request would cause undue delay in the schedule for the motions to dismiss and prejudice Defendants who had already expended considerable time and effort on motion papers to dismiss the Amended Complaint. *See,e.g., Johnson v. City of New York,* 669 F. Supp.

---

[3] As described in the Court's Memorandum and Order dated November 6, 2012, Governor Cuomo was not properly served in September 2012, despite Plaintiff's continued assertion to the contrary. (Docket Entry 89.)

2d 444, 453 (S.D.N.Y. 2009) ("[A]llowing the amendment would be unduly prejudicial to defendants who have already had to refile and rebrief their motion to dismiss once to accommodate [plaintiff]'s last amendment."). However, the Court nevertheless granted Plaintiff leave to seek to amend the Amended Complaint if the request was responsive to Defendants' motion papers.

The Court was able to determine that most of Plaintiff's requested amendments would be futile. "[L]eave to amend will be denied as futile . . . if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.,* if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must, however, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Furthermore, when the amendment not only seeks to add new claims but also seeks to join a new party, Plaintiff must plausibly allege that the claims "arise out of the same transaction or that the defendants acted jointly or conspired with each other." *Ford v. Air Line Pilots Ass'n Int'l*, 268 F. Supp. 2d 271, 295–96 (E.D.N.Y. 2003); *DIRECTV, Inc. v. Armellino*, 216 F.R.D. 240, 240 (E.D.N.Y. 2003) ("It is improper to join defendants who are unrelated either factually or legally."); *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010) ("The court's decision to permit joinder is based on whether the claims of the additional plaintiffs arose out of the same or separate acts or occurrences, whether the party seeking joinder has unnecessarily delayed the proceedings, and whether the nonmovant would be prejudiced by the addition.").

Plaintiff sought to add "Webmasters" of the "Busted Offenders" website (the "Webmasters") as defendants and new claims related to these Defendants, including unfair trade practices. Accepting Plaintiff's allegations as true, the Webmasters republished publically available information taken from the New York State Sex Offender Registry and the Federal Sex Offender Registry and tried to "extort" Plaintiff by requesting payment from Plaintiff to be removed from the Webmasters' website. On the face of the request, Webmasters' decision to include Plaintiff on their website was a separate occurrence from those occurrences alleged in the Amended Complaint, as they decided to publish Plaintiff's information after the determination had already been made by the State to have Plaintiff register in New York. *See e.g., Andino v. Fischer*, 698 F. Supp. 2d 362, 374 (S.D.N.Y. 2010) (holding that Plaintiff could not amend the complaint to include parties who allegedly engaged in acts that "occur[ed] subsequent to the events in [plaintiff]'s original [c]omplaint" despite being generally related to the allegations in the complaint). Plaintiff does not plausibly allege that the Webmasters conspired with the State

7

Defendants to "extort" Plaintiff. *See, e.g., Ford*, 268 F. Supp. 2d at 295–96 (denying amendment where there were no claims of common occurrence or that the defendants acted together); *DIRECTV*, 216 F.R.D. at 240 (same). Further, there is no indication that allowing the amendment to add these new claims and parties would clarify any of the allegations in the original complaint; thus, amendment would be futile. *See, e.g., Hartley v. Rubio*, 785 F. Supp. 2d 165, 187–88 (S.D.N.Y. 2011) (denying as futile a motion to add new claims because the new theories did "little — if anything — to explain" the original allegations in the complaint and were "so far afield from . . . the complaint that [the court saw] no plausible scenario in which the new allegations, or the resulting discovery, would enable" plaintiff to prove his original allegations); *Ashford v. Goord*, No. 07-CV-191, 2009 WL 2086838, at *2 (W.D.N.Y. July 10, 2009) (denying amendment where "[t]he plaintiff's proposed amendments go far beyond the claims set forth in the original [c]omplaint").

The Court reiterates that, to the extent Plaintiff believes that any of his requests for amendment would rectify any deficiencies in the Amended Complaint identified in Defendants' motions to dismiss, he is granted leave to move to amend the Amended Complaint in response to Defendants' motions to dismiss.

### b. Denial of Temporary Restraining Order

Plaintiff has pointed to no "controlling decisions or data that the court overlooked" in deciding to deny his temporary restraining order. To obtain a temporary restraining order, Plaintiff "must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 405–06 (2d Cir. 2011) (internal quotation marks and

8

citations omitted); *see also Litwin v. OceanFreight, Inc.*, No. 11-CV-7218, 2011 WL 5223022, at *4 (S.D.N.Y. Nov. 2, 2011) ("A temporary restraining order, like a preliminary injunction, 'is an extraordinary remedy never awarded as of right. . . .' Thus, a plaintiff seeking a temporary restraining order 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" (citations omitted)). Plaintiff continues to argue that he is under imminent danger of being arrested pursuant to an arrest warrant. According to Plaintiff, "based on his discuss [sic] with the Republic of Malta Police Commissioner there is no doubt that the State and New York City Defendants have sought a warrant for the arrest of Plaintiff." (Docket Entry No. 105.) While Plaintiff has no doubt, the Court has no proof. To date Plaintiff has provided no information to the Court to confirm that there is in fact a warrant issued for his arrest. Therefore, the Court declines to modify its prior order.

### c. Request for Documents

Plaintiff renews his request for documents; Plaintiff argues that the motion before the Court is a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. However, although the motion papers have not yet been filed with the Court,[4] it is the Court's understanding that Defendants seek to move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a complaint is dismissed for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions are decided based on the

---

[4] As Plaintiff noted in his request for reconsideration, the Defendants' motion papers have not yet been electronically filed. (Docket Entry No. 105.) Pursuant to the Court's Individual Practices and Rules, no motion papers are to be filed with the Court until the motion has been fully briefed.

9

Complaint alone and do not require discovery.[5]  Therefore, the Court declines to modify its prior order denying discovery.  However, if upon reading the motion papers, the Court determines that the Defendants' motions should properly be considered Rule 56 motions, the Court will reconsider this ruling.

**Conclusion**

For the reasons set forth above, the Court declines to modify its earlier decisions.

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: January 9, 2013
Brooklyn, New York

---

[5] Generally, a court may only consider materials encompassed in the "four corners" of the complaint when deciding a motion to dismiss.  *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (holding that "a district court errs when it 'consider[s] affidavits and exhibits submitted by' defendants, or relies on factual allegations contained in legal briefs or memoranda, in ruling on a 12(b)(6) motion to dismiss" (citations omitted)).  "For purposes of this rule, 'the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'"  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citations omitted); *Friedl*, 210 F.3d at 83–84 ("[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion," a district court must either "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material."); *Speedmark Transp. v. Mui*, 778 F. Supp. 2d 439, 441 n. 1. (S.D.N.Y. 2012) (holding that a district court must convert to a summary judgment motion if it wants to consider material extraneous to the complaint).  There are two exceptions to the general rule that only the complaint and documents incorporated by reference may be considered in a 12(b)(6) motion.  First a court may consider "a document [that] is not incorporated by reference . . . where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers*, 282 F.3d at 153 (citations omitted).   Second a court may consider documents which a court may take judicial notice of under Federal Rule of Evidence 201.  *Bentley v. Dennison*, No. 11-CV-1056, 2012 WL 426551, at *13 n. 5 (S.D.N.Y. Feb. 10, 2012) ("Judicial notice of public records is appropriate—and does not convert a motion to dismiss into a motion for summary judgment[.]").

10