UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CARMEL SPITERI,                                          NOT FOR PUBLICATION

                        Plaintiff,

            v.                                           **MEMORANDUM & ORDER**
                                                         12-CV-2780 (MKB)
JOHN LEO RUSSO, et al.,

                        Defendants.

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

        Plaintiff Carmel Spiteri commenced the above-captioned action *pro se* on May 31, 2012

and filed a First Amended Complaint (the "Amended Complaint") on August 24, 2012.  On

November 30, 2012, defendants Governor Andrew M. Cuomo, the Honorable Fernando M.

Camacho, Michelle Harrington and Michelle Mulligan (the "State Defendants"), moved to

dismiss the Amended Complaint and to oppose Plaintiff's request for a preliminary injunction.

In support of their motion, the State Defendants served Plaintiff the declaration of Maria Barous

Hartofilis, Esq., with exhibits attached.  (Docket Entry No. 104.)  Plaintiff was not served with a

copy of Exhibit C to the Hartofilis Declaration, a copy of the Case Summary and Risk

Assessment Instrument prepared by the Board of Examiners of Sex Offenders.  According to the

State Defendants, because of the sensitive and confidential nature of the information contained in

Exhibit C, they only intended to submit these documents to the Court either under seal or for *in

camera* review.  (Docket Entry No. 107.)  On December 10, 2012, Plaintiff demanded that copies

of these documents be emailed to him.  (Docket Entry No. 108.)  On December 19, 2012, the

Court ordered Plaintiff to show cause, in writing, why having the State Defendants file Exhibit C

to the Hartofilis Declaration under seal on ECF with limited access to the parties in the litigation

would not be sufficient service of Exhibit C. (Docket Entry No. 109.) On December 23, 2012, Plaintiff submitted a 14-page response seeking to strike Exhibit C and "any [e]xhibits which arise from factors of the Board of Examiners' case file or the SORA proceedings." (Docket Entry No. 110.) Plaintiff also requested that the Court deny the State Defendants permission to file the exhibits and "[c]ommand the State Defendants to provide this Court with statictical [sic] data reflecting the number of nonresident workers, students and visitors who have stayed over fourteen days and more than thirty (30) days within the borders of New York State, who have been subjected to a SORA Level Classification and who presently, notwithstanding that said individuals might have moved out from New York State, are still posted on the State Defendants' Megan Law Website." (*Id.*) On December 25, 2012, Plaintiff requested a telephone conference to seek authorization to strike exhibits and statements contained in the State Defendants' motion to dismiss. (Docket Entry No. 111.) Plaintiff attached his proposed request. (*Id.*)

For the reasons set forth below, the State Defendants are ordered to file Exhibit C to the Hartofilis Declaration under seal. Plaintiff's request to strike the exhibits attached to, and statements contained within, the State Defendants' papers in support of their motion is denied. Plaintiff's request that this Court command State Defendants to provide the Court with statistical information is also denied.

## I. Discussion

### a. Motion to Strike Exhibits and Statements

In moving to strike Exhibit C, Plaintiff argues that it is "unduly prejudicial and it is 'more inflammatory than the charged crime' of 'sexual interaction with a willing participant', and the California conviction which is a nonregisterable offence [sic]." (Docket Entry No. 110.) Plaintiff argues that Exhibit C, the Case Summary, contains "falsities, exaggerations,

inadmissible evidence, false information, inaccuracies" and are "irrelevant and immaterial to the issue before this Court." (*Id.*) Plaintiff also seeks to strike Exhibits A, B and D to the Hartofilis Declaration: the May 16, 2000 decision of the Court of Appeals of the State of California, Second Appellate District; a Copy of Plaintiff's State of California Registration Form; and Plaintiff's letters dated December 22, 2009 to New York State Division of Criminal Justice Services and Sonoma County, California Sheriff's Office notifying them that he relocated to the State of New York from California, respectively. Plaintiff asserts that N.Y. Correction Law § 168-k(2) protects these exhibits from disclosure. (*Id.*) Plaintiff also seeks to strike several statements made by the State Defendants throughout their papers in support of their motion on various grounds including that the statements are deceitful, misleading, false, rely on confidential information or are unsupported by law. (*Id.*)

States Defendants' are required to file Exhibit C to the Hartofilis Declaration under seal. Pursuant to N. Y. Corrections Law § 168-k(2), this information is confidential and is not available for public inspection. To the extent the State Defendants' papers in support of their motion rely on Exhibit C, the State Defendants are ordered to redact the confidential information from the copies of their motion papers that will be filed on ECF. The un-redacted document should be provided to the Court.

Contrary to Plaintiff's claim, however, there is nothing in N. Y. Corrections Law § 168-k(2) that prohibits the disclosure of any of the other exhibits. N. Y. Corrections Law § 168-k(2) does not vest this Court with "absolute authority to seal all documents arising from the administration of the New York SORA proceedings." (Docket Entry No. 111.) Rather, N. Y. Corrections Law § 168-k(2) allows this Court to seal any portion of the court file or record if it contains material that is "confidential under state or federal statute." Plaintiff cannot argue that

Exhibit A, the California State decision is confidential. Nor can he argue that exhibit D, his December 22, 2009 letters to the New York State Division of Criminal Justice Services and Sonoma County California Sheriff's Office notifying them that he relocated to the State of New York from California are confidential. At most, Plaintiff may be able to argue that some of the information contained on his sex offender registration form is confidential. To the extent he does, Plaintiff is invited to submit a request to redact said confidential information for consideration by the Court.

As to Plaintiff's objections to the various statements made by the State Defendants in their submission, Plaintiff is free to respond in his submission in opposition to the State Defendants' motions. The Court sees no basis for striking these statements simply because Plaintiff believes they mischaracterize the facts, misstate the law, or are otherwise misleading. The Court is quite capable of discerning the law and Plaintiff is free to present his version of the facts.

### b. Motion for Statistical Information

The Court declines to demand statistical data from the State Defendants. Plaintiff's request that the Court command the State Defendants to provide statistical data for a certain class of individuals who have been subjected to SORA classification is unwarranted and baseless. As discussed in the Court's Memorandum and Order dated October 19, 2012 (Docket Entry No. 79) and again in the Court's Memorandum and Order dated January 9, 2013 (Docket Entry No. 117), there is no basis for discovery at this stage of the litigation.

**Conclusion**

For the reasons set forth above, the State Defendant are ordered to file Exhibit C under seal and to redact any information in its papers that rely on information contained in Exhibit C. Plaintiff's request to strike the exhibits and statements contained in the papers submitted by the State Defendants in support of their motion is denied. Plaintiff's request that this Court command the State Defendants to provide statistical data is also denied.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: January 14, 2013
      Brooklyn, New York